## BROOKS SUPPLY CO. v. HARDEE et al.
### No. 2008.

Court of Civil Appeals of Texas. Beaumont.
Nov. 8, 1930.

Rehearing Denied Nov. 19, 1930.

W. D. Gordon and E. E. Easterling, both of Beaumont, for appellant.

D. E. O'Fiel, of Beaumont, for appellees.

O'QUINN, J.

This is an appeal from a judgment of the district court of Jefferson county, denying the appellant, Brooks Supply Company, a corporation, relief sought by it on a bill in equity in the nature of a bill of review, seeking to set aside, cancel, and declare of noneffect an order or decree made by said court April 12, 1927, whereby in cause No. 28113–A, Virgie D. Hardee, one of the appellees here, recovered judgment against the Brooks Supply Company, appellant, for $15,000.

The history of the case, as disclosed by the record, shows that Virgie D. Hardee, appellee, on August 18, 1920, filed suit in the district court of Wichita county, Tex., against Brooks Supply Company, the appellant, on the identical cause of action as is asserted in the instant suit; the plaintiff's petition in that suit being in words identical as the amended petition filed herein. In the Wichita suit the defendant, appellant, filed its plea of privilege to be sued in the county of its residence, Jefferson county. Plaintiff filed her controverting affidavit, and the matter was set down for a hearing on the plea, was heard, and the plea sustained, and the venue ordered changed to Jefferson county. Plaintiff duly excepted to this order or judgment, gave notice of appeal to the Fort Worth Court of Civil Appeals, filed her appeal bond and assignments of error, and the clerk of the court duly prepared a transcript on appeal. This transcript was never filed in the Court of Civil Appeals. No further action was taken by Mrs. Hardee or any one for her in the case until about November 1, 1926, when she obtained counsel in Jefferson county. This counsel then took the transcript prepared by the clerk at Wichita Falls and sought to have said record filed in the Fort Worth Court of Civil Appeals. His motion for permission to file the same was denied by said court, as also was overruled a motion for rehearing on said denial. At the request of Mrs. Hardee's counsel, the case was then dismissed from the docket of the Court of Civil Appeals, and the mandate of said court so doing sent to the district court at Wichita Falls. Counsel then had the clerk of the court at Wichita Falls send him the transcript which had been refused filing in the Court of Civil Appeals, and which had been prepared by the clerk of the court at Wichita Falls more than six years before, and filed same in the district court of Jefferson county on February 2, 1927. On April 4, 1927, he had the case set for trial on April 12, 1927, and on that date, April 12, 1927, between other matters then being heard in said court, the case was called, tried in about thirty minutes, and judgment rendered for appellee against appellant in the sum of $15,000, $10,000 actual and $5,000 exemplary. No notice was given appellant or any one representing it as to any of these things done relative to the filing of the transcript in the district court of Jefferson county, or the setting of the case for trial, or the rendition of the judgment. It appears that, when the case was called for trial, the original petition which had been filed at Wichita Falls could not be found, and that a copy of same, denominated an "amended original petition," was filed and the case thus proceeded to trial and judgment.

It appears that the nature of appellee's suit against appellant was substantially that about June 9, 1919, she purchased from appellant a drilling rig and a large number of articles to be used in connection therewith

and in the operation of same, the whole consideration to be paid by her amounting to $7,719, and that she paid $5,719. in cash and executed her notes for $984.50 each, payable in sixty and ninety days thereafter, and executed a mortgage on the purchased property to secure the payment of the notes; that, according to the contract of purchase, the seller, Brooks Supply Company, was to deliver said property f. o. b. at Beaumont, Tex., and keep said drilling rig in good shape for service until said notes were paid.

Appellee alleged that certain of the articles worth $308.50 were not delivered; that during the month of July, 1919, she had to expend the sum of $189.41 for repairs and $250 for a generator that had not been furnished as agreed; that the drilling rig and equipment were accidentally burned, and she was compelled to expend $1,000 for material and $1,100 for labor in order to repair and make serviceable said rig and equipment, making $2,539.41 she was compelled to expend in order to keep said drilling equipment in serviceable condition, which said amount was more than sufficient to discharge and pay off said notes; that appellant filed suit to foreclose its said mortgage on December 31, 1919, in the district court of Jefferson county, Tex., and that, while said suit was pending, unlawfully, maliciously, and tortiously took possession of said property and converted same to its own use and benefit, and that at the time of such conversion said property was of the value of $10,000; that appellant, in wrongfully converting said property and in reckless disregard of her rights, had prevented her from earning a net profit of $15,000 by operating said drilling rig, which was owing to the failure of appellant to comply with its agreement, whereby she was unable to perform work with said rig; that said unlawful conversion occurred in Wichita county, Tex.; that she could have and would have earned the sum of $15,000 on a drilling contract which she had at said time, but that her dispossession of said property by appellant caused her to lose said earnings, and which she lost by said act of appellant. She prayed for judgment for $2,539.41, which she alleged she had expended for repairs, $10,000 for the value of said rig at the time of its conversion by appellant, and $15,000, the amount she would have earned in operating the rig under her alleged drilling contract, and which she alleged was prevented by the unlawful conversion of appellant, and $5,000 as exemplary damages occasioned by the malicious and willful acts of appellant.

As has already been stated, appellant filed its plea of privilege to be sued in Jefferson county, and which plea was sustained. The history of Mrs. Hardee's appeal from the judgment sustaining said plea, and how the judgment in the instant appeal was had, is also given.

On March 1, 1927, prior to the rendition of the judgment herein, the Brooks Supply Company had gone into bankruptcy and had been adjudged a bankrupt. After the judgment was rendered on April 12, 1927, counsel for appellant happened to be in the office of the referee in bankruptcy in Beaumont and discovered shortly before the filing of this suit on August 8, 1927, that the instant judgment had been rendered and application made to the referee in bankruptcy for its allowance as a claim against the bankrupt corporation. He immediately filed this suit to review and to set aside the judgment.

The instant case was tried to the court without a jury, and judgment rendered refusing the relief prayed for. The case is before us for review.

Appellant presents several propositions for a reversal of the judgment, but we shall discuss but two of them. They read:

"The trial court erred in not holding that there was no jurisdiction to render the judgment for the sum of $15,000.00 dated the 12th of April, 1927, for that said cause in which said judgment purports to have been rendered had been abandoned for seven years and said judgment taken ex parte and without notice or citation, and without the record of any evidence being made to support it, was invalid as a matter of law."

"The trial court erred in not holding that the bill of review in this case, under the undisputed facts, entitled the Brooks Supply Company to cancel and set aside the judgment rendered ex parte in the abandoned case transferred after a lapse of seven years from Wichita County, Texas, to this court; and in not entering a judgment granting the prayer of said bill of review to that effect."

We shall consider the two assignments together. As before stated, when appellee filed her suit in the district court of Wichita county, appellant duly filed its plea of privilege to be sued in Jefferson county. The suit was filed August 18, 1920. The plea of privilege was duly filed, and appellee in response thereto filed her controverting affidavit. The matter was set for hearing and was duly heard, and the plea of privilege sustained, and the cause ordered transferred to Jefferson county on October 16, 1920. Appellee excepted to the judgment and order sustaining the plea of privilege and ordering the case transferred to Jefferson county, and gave notice of appeal to the Fort Worth Court of Civil Appeals, duly filed her appeal bond and assignments of error, and caused transcript of the proceedings to be made up by the clerk of the court, but she took no further steps to prosecute her appeal; nothing having been filed in the appellate court. It is shown that counsel for appellant kept constant watch on the proposed appeal and also on the dockets of the court in Jefferson county to ascertain

if the case had been transferred to and filed thereon, for more than two years after the filing of the appeal bond, and, nothing appearing, he concluded the appeal and the case had been abandoned.

Appellee's counsel representing her originally took no further action in the matter, and about November 1, 1926, she obtained counsel at Beaumont, Jefferson county, and took the record prepared by the clerk at Wichita Falls and sought to have same filed in the Fort Worth Court of Civil Appeals. His motion to file same was denied by said court, as was his motion for rehearing on said denial. At the request of Mrs. Hardee's counsel, the case was then dismissed from the docket of the Court of Civil Appeals, and the mandate of the court so doing sent to the district court at Wichita Falls. Counsel then filed the transcript which had been refused filing in the Court of Civil Appeals, and which had been prepared by the clerk of the district court at Wichita Falls more than six years before, in the district court of Jefferson county on February 2, 1927, more than six years after the judgment sustaining the plea of privilege had been rendered, and from which appellee had purported to appeal.

We think the assignment should be sustained. Appellant acted promptly when cited to answer at Wichita Falls and filed its plea of privilege. When that plea was sustained and the case ordered transferred to Jefferson county, it kept vigilant watch as to the purported appeal and as to the transfer of the case to Jefferson county for more than two years, and, nothing being done as to either, it was justified in the belief that the appeal and the case had been abandoned. It was early determined in Texas that, when there has been a failure to proceed with a case until after defendant may reasonably have concluded that the suit had been abandoned, the defendant should not be held bound to further appear and defend it. This is the holding in Flanagan v. Smith, 21 Tex. 493, 496, and it is there said that such conclusion might reasonably have been arrived at sooner than "nearly five years." In the instant case there was a lapse of more than six years. See, also, Hinkle v. Thompson (Tex. Civ. App.) 195 S. W. 311 (writ refused); Ponton v. Bellows et ux., 13 Tex. 254. As was said by Judge Wheeler in Ponton v. Bellows, supra: "It was incumbent on the plaintiff or party prosecuting the suit * * * to cause the case to be transferred as early as conveniently practicable; or within a reasonable time." This Mrs. Hardee did not do, but permitted more than six years to elapse before acting to have the case transferred as was ordered by the court. This delay was wholly unreasonable and sufficient to allow appellant to conclude that the case had been abandoned.

The principle announced in Flanagan v. Smith, supra, is that, where a plaintiff in a case pending on the docket of a court fails to take action therein for four years, in which time the cause of action would be barred by limitation, the defendant should be held to be released from further attention to or defense of the case. This holding has never been overruled or criticized so far as we can find.

From what we have said, it follows that the judgment should be reversed, and judgment here rendered that the judgment of the court below of date April 12, 1927, in favor of appellee against appellant, should be canceled, annulled, and held for naught, and the cause remanded to the court below, with instructions to dismiss the suit, and it is so ordered.