CITY OF APPLETON CITY, RESPONDENT, v. THOMAS H. GRAHAM, APPELLANT.—54 S. W. (2d) 434.

Kansas City Court of Appeals. November 21, 1932.

*Edward Myers* and *Omar E. Robinson* for respondent.

*Mark A. McGruder* and *De Armond & Maxey* for appellant.

BOYER, C.—This is an appeal from a judgment awarded respondent in the total sum of $3 with cost. Events leading to this momentous result originated in the efforts of the municipality of Appleton City to subject defendant to the payment of an automobile license tax and to enforce collection thereof by suit in a justice court of St. Clair County. Plaintiff had judgment. Defendant's Scotch dander was up and he appealed to the circuit court of said county and from thence obtained a change of venue to an adjoining circuit where in due time the *casus belli* was formally presented by an array of counsel on both sides to the trial judge and a full panel of jurors. Nine of said jurors awarded plaintiff a verdict in the sum of $3; judgment followed and defendant has duly appealed.

Appellant contends that the trial court erred in denying his peremptory instruction to find for defendant, and erred in the admission of improper evidence, in giving and refusing instructions, and in refusing to require plaintiff's attorney to withdraw remarks made in his closing argument.

The suit was based upon an ordinance of the city duly passed and approved which provides that every person residing in the city of Appleton City, Missouri, who shall own a motor vehicle or be in charge of one, before operating such motor vehicle on the streets of said city shall obtain a city license for said motor vehicle. It further provides the amount to be paid for such license by the owner of any motor vehicle of stated horsepower. There is no controversy over the question that the proper license fee for defendant's car would be $3, provided defendant was subject to the tax. The defense, as developed by the evidence, was that the ordinance did not apply to

defendant and that he was not subject to the tax because he did not reside in Appleton City during the year 1929, for which said year the tax was sought to be collected. The chief point on appeal is that there was no evidence to establish the fact that defendant was a resident of the complaining city within the terms of the ordinance.

Defendant was by occupation a barber and had been engaged in that vocation in various towns and cities in Missouri and Kansas for a number of years. His original home, at his father's house, was on a farm in Henry County near the town of Windsor. He was married and divorced and had no family, and after a number of years of sojourn in different localities he returned to Appleton City and there established a barber shop about the middle of the year 1927. He had lived there at different times before. The shop was operated for a time by another man under agreement with Graham and on a percentage basis. The defendant also operated a shop in the neighboring town of Montrose in the adjoining county. He was absent from Appleton City for most of the time during a period of several months in the year 1928, but during the latter part of that year or about the first of the year 1929, he returned to Appleton City and from that time on conducted his barber shop alone.

The case was tried in May, 1930, and numerous witnesses called by the plaintiff testified that they had known defendant for a number of years; that he conducted his business in Appleton City and was there almost continuously from 1927, except for the period of his absence in 1928; that during the past two or three years, which would include all of 1929, the defendant lived in Appleton City, slept in his barber shop, and took his meals at the hotel, both of which were in the town; that he owned an automobile which he operated upon the streets of said city and so drove it upon said streets during the first part of the year 1929 until the time he was sued and thereafter. One witness, a restaurant keeper second door from the barber shop, testified that defendant slept in his barber shop and had slept there for three years. The evidence further shows that while defendant operated his shop at Montrose in 1928, he would frequently return to Appleton City.

Defendant's evidence does not controvert the testimony that he lived continuously in Appleton City after January, 1929, slept in his shop, and boarded at the hotel. His testimony, however, and that of witnesses called in his behalf, is to the effect that he claimed his home was at the house of a relative who had bought his father's farm; that he had a room at that house containing some of his personal belongings, and that he called that his home. He would be there at frequent intervals, sometimes once or twice a month, and sometimes he stayed there as much as a week at a time. He paid no rent or board to the owner of the house. It appears that at one

time during his married life defendant owned a home in Windsor and after he was divorced he moved some of his furniture to the home of his niece whose husband had purchased his father's home. Evidence for the defendant was also to the effect that he had voted in Windsor in 1926 and 1928, and served as a clerk of election.

Plaintiff put in evidence, over the objection of defendant, certified copies of defendant's application for a certificate of title for his motor vehicle and his application for registration thereof made in February, 1928, in which his postoffice address was given as Appleton City. A demand for the tax for 1928 had been made on defendant and in the following year when he made application for registration of his motor vehicle he gave his postoffice address as Montrose. On cross-examination defendant testified that he gave in his personal assessment for 1928 at Montrose, Henry County, instead of at the farm in St. Clair County, and that he did so "because it was just as handy and it didn't make any difference." It appears that defendant had been sued by plaintiff for the license tax for 1928.

From the foregoing it is clear that there was sufficient evidence to support a finding of the jury that defendant was residing in Appleton City during 1929 when the tax was levied, and that he was subject to the payment of said tax under the terms of the ordinance. The case was properly submissible and the court did not err in denying the peremptory instruction to find for defendant.

There was no prejudicial error in the admission of evidence to which objection was made. The postoffice address of an individual is a circumstance which may be properly considered in determining his place of residence based upon acts and intention.

The instruction complained of informed the jury "that the residence of a person is that particular place in which he has voluntarily vested his abode, with the intention of remaining therein for an unlimited time, and the court further instructs the jury that in determining the question of intention, the jury may take into consideration all the facts and circumstances in the case, under which the party in question made his abode." It is asserted that the instruction did not correctly define the residence of a person in using the expression "with the intention of remaining therein for an unlimited time." The point is not developed in brief or argument, no authority is cited, and there is no further effort to show alleged error in said instruction. We think it sufficient for the purposes of this case. By another instruction the jury was required to find that at the time of levying the tax the defendant was a resident of Appleton City and operated his automobile on the streets of said city between February 1, 1929, and June 24, 1929, and had not paid the tax for that year. The court of its own motion instructed the jury that the burden was upon the plaintiff to prove by a preponderance of

the evidence that the defendant was a resident of Appleton City at the time the license tax was levied, and unless such proof was so made the verdict would be for the defendant.

Under the circumstances there was no error in refusing instructions requested by the defendant. One of said instructions was merely a declaration "that a person is a resident of that state or political subdivision thereof in which his domicile is located." There was no definition of "resident" or "domicile" as used in said instruction. It was not made applicable to the case and was likely to confuse. Another instruction which was rejected was offered in these words: "The court instructs the jury that the words residence and domicile are synonymous as used in the revenue laws." Without "domicile" being defined such a declaration was likely to mislead or confuse. And further, the words residence and domicile are not necessarily synonymous in all cases and do not necessarily mean the same in this case. The other instruction requested by defendant, and which was denied, gives the definition of residence substantially as that given in plaintiff's instruction 1, with the added words that "the court further instructs the jury that residence is largely a matter of intention." The quoted words present merely an abstract proposition of law and there was no direction as to how the jury might arrive at any conclusion upon the subject of intention. But the jury was directed by the instruction given that in determining the question of intention the jury might take into consideration all the facts and circumstances in the case under which the party in question made his abode. Considering the manner in which the case was tried and the only contested question in it, we are of opinion that there was no harmful error in giving or refusing instructions.

There is no reviewable ruling of the court in reference to the objection made by defendant to the argument of plaintiff's counsel. Appellant says that the court erred in refusing to require counsel to withdraw prejudicial remarks. When the argument was made, defendant's counsel objected because it was prejudicial. The court said: "Go ahead." There was no request that the remarks be withdrawn or that counsel be reprimanded or that the jury be instructed to disregard the argument, or a request for any other relief, and there was, of course, no ruling. In such situation the appellant has no legal reason to complain. The judgment should be affirmed. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.