**Mitchell C. HARGROVE, Appellant,**

v.

**Harry M. KOEPKE, Appellee.**

No. 13427.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 14, 1959.

Lewright, Dyer & Redford, Corpus Christi, for appellant.

Elbert Hooper, Jr., Blair Reeves, San Antonio, for appellee.

POPE, Justice.

This is a plea of privilege case and the point is whether the plaintiff abandoned his controverting affidavit, as a matter of law, by delaying four years and nine months before asking for a setting. The trial court held that there was not an abandonment and after a venue hearing denied defendant's plea to transfer the cause to McCulloch County. Defendant appealed.

Plaintiff, Harry M. Koepke, filed suit in Bexar County during October, 1946, for damages arising out of an automobile collision. Defendant, Mitchell C. Hargrove, filed a plea of privilege to be sued in McCulloch County. There was a venue trial, but in April, 1948, the judgment of the trial court was reversed and remanded. Hargrove v. Koepke, Tex.Civ.App., 210

S.W.2d 434. Plaintiff then amended his petition and also his controverting affidavit and the judge set the venue hearing for October 11, 1948. Because plaintiff's attorney had a death in his family, the hearing was postponed by agreement. Not until July 3, 1953, and after different counsel came into the case for plaintiff, did he ask for another setting. A hearing was obtained for September 21, 1953, and at that time defendant filed his motion that the plaintiff had abandoned his controverting affidavit by reason of a delay in asking for a setting for a period of four years and nine months.

█ The trial court required the plaintiff to prove diligence, and then held that he had exercised diligence. We are called upon to examine the evidence to determine whether it proves diligence. Plaintiff proved that one of his attorneys was ill during 1949 and 1950. The proof, on the other hand, shows that plaintiff had other counsel who actually handled the settings and correspondence during 1948, and who was an attorney of record until June, 1953, when plaintiff employed new counsel. Plaintiff proved that he was absent from the State for nine months during 1950 or 1951, but he did not prove the circumstances which occasioned this absence. Plaintiff states that the dockets of Bexar County were crowded between 1948 and 1953. The argument is that because the dockets were crowded, he asked for no settings. If plaintiff had requested settings which were denied, or if he had been crowded off the docket after settings, there would be some proof of diligence. Because dockets are crowded does not justify plaintiff in doing nothing at all for almost five years. In fact, the record does not bear out the claim. The case was filed, venue was once tried and heard to conclusion on appeal, between October, 1946, and April, 1948. In 1948 there was a venue setting, and in 1953, after request, another setting was obtained. Each time plaintiff asked for a setting he received one promptly. Between 1948 and 1953 he

received no setting because he asked for none. An effort is made to attribute some of the delay to the defendant, because defense counsel would not agree to try the venue and merits together and would not stipulate concerning certain medical evidence plaintiff needed. Defense counsel, as early as 1948, made his position clear on these subjects. There is no duty upon opposing counsel to agree to a trial of the merits with venue; nor will we invoke sanctions upon the defendant for failing to aid his opponent in marshalling his evidence. Mention is made of recurrent conversations between plaintiff's counsel and his own witnesses. For almost five years, however, plaintiff contacted neither the court nor the defendant about a setting. Plaintiff's counsel casually mentioned the case to defendant's counsel one day in the foyer of a San Antonio office building, but did not discuss a setting or trial. Plaintiff had counsel during all of the time in question, but he did change attorneys.

█ We are construing Rule 87, Texas Rules of Civil Procedure, which contemplates that courts shall promptly dispose of venue questions. The rule says so. We are not prepared to hold that a request made after waiting four years and nine months, is diligence. The showing of diligence was no more than a scintilla of evidence. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

The provision of Rule 87, T.R.C.P., that venue questions shall be heard promptly, we are advised is directory only. Farrar v. Anglin, Tex.Civ.App., 273 S.W.2d 665. To hold that a provision is directory is not to hold that it is meaningless. In our opinion, the provision for a prompt hearing is a strong factor that judges consider in setting their cases, and this record bears out the idea that judges grant venue hearings promptly if and when requested.

The long delay on this preliminary matter was not excused and diligence was not proved. Bevil v. Johnson, Tex., 307 S.W. 2d 85; Callahan v. Staples, 139 Tex. 8,

161 S.W.2d 489; Flanagan v. Smith, 21 Tex. 493, 496; Brooks Supply Co. v. Hardee, Tex.Civ.App., 32 S.W.2d 384; 4 McDonald, Texas Civil Practice, § 17.18.

The judgment is reversed and the cause remanded with instruction that the cause be transferred from Bexar County to McCulloch County.