Jack A. **FARR** et ux., Appellants,

v.

**JEFFERSON AMUSEMENT COMPANY,**
Inc., a Corporation, Appellee.

No. 7686.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 2, 1965.

Rehearing Denied Dec. 7, 1965.

Bennett B. Patterson, Patterson, Mc-Daniel, Moore & Browder, Houston, for appellants.

John N. Touchstone, Vinson, Elkins, Weems & Searls, Houston, Carl D. Levy, Beaumont, for appellee.

FANNING, Justice.

Appellants, on May 12, 1960, in the 55th District Court, Harris County, Texas, filed suit against seven defendants, one of which being appellee. Thereafter appellee timely filed its plea of privilege to be sued in the county of its residence, Jefferson County, Texas. On June 20, 1960, appellants filed their controverting affidavit and plea, serving a copy of same on appellee with an attached notice advising that a hearing on appellee's plea of privilege was set for Sept. 12, 1960. However counsel for appellants requested a postponement of the plea of privilege hearing, which request was granted.

More than 4 years and four months after Sept. 12, 1960, to-wit, on Jan. 15, 1965, appellee filed its motion requesting the trial court to sustain its plea of privilege and to order the cause, insofar as it concerned appellee, to be transferred to Jefferson County, Texas, the county of appellee's residence. The motion sets out the dates of the filing of the plea of privilege and of the controverting affidavit and further avers "that no hearing has ever been held on this Defendant's Plea of Privilege and Plaintiffs' controverting affidavit, and that the Plaintiffs' attorney has not, within the past four years, requested any hearing or setting for this Defendant's Plea of Privilege, and that the Court should now declare that the Plaintiffs have abandoned their controverting affidavit and Plea because of such inaction." In the prayer to said motion appellee prayed that its plea of privilege be sustained, that the court declare and hold that plaintiffs (appellants herein) had abandoned their controverting affidavit, and that the cause as to appellee be transferred to Jefferson County, Texas, the county of defendant-appellee's residence.

On March 8, 1965, appellants filed a six-page sworn reply to the motion to transfer. On March 22, 1965, the motion was heard by the trial court, with the result that the court sustained appellee's motion and ordered the case, insofar as it pertained to appellee, be transferred to Jefferson County, Texas. Appellants have appealed.

Appellants present numerous points and contentions, and contend, among other things, to the effect that the trial court did not permit them to introduce evidence showing alleged due diligence in the prosecution of this suit and/or in the disposition of appellees' plea of privilege, and that the trial court erred in sustaining appellee's motion and transferring the case, insofar as it concerned appellee, to Jefferson County, Texas.

The judgment recites that evidence was heard. The parties make conflicting statements in their briefs as to what was heard by the trial court. However it appears from the statement of facts that the trial court did not permit the appellants to introduce evidence in support of the allegations made in their sworn reply to appellee's motion. Apparently the trial court concluded that the sworn reply did not contain sufficient factual averments to raise an issue as to whether appellants had a val-

id excuse for their lack of diligence and more than four years of inactivity, and concluded that under the pleadings and other matters before the court that appellee was entitled to the relief sought under authority of Hargrove v. Koepke, Tex.Civ.App., 320 S.W.2d 53, hereinafter referred to.

The trial court had before it a docket sheet of the case showing more than four years inactivity on the part of the appellants in seeking a hearing on their controverting plea. The trial court had before it the motion of appellees and the six-page sworn reply of appellants.

■ We have carefully examined the six-page sworn reply of appellants and are of the opinion that it does not allege sufficient facts which would excuse the delay of more than four years in securing a hearing on appellants' controverting plea. In other words, as we view it, since appellants' reply to appellee's motion to transfer did not allege sufficient facts to warrant a finding that the appellants were not lacking in due diligence, there was no necessity for the trial court to hear evidence from appellants on such allegations made in their reply. In this connection see Fielder et al. v. Swan et al., Tex.Civ.App., 175 S.W.2d 279, writ refused (1943) wherein it was stated:

> "Of course the question of discontinuance of a suit by delay is based on the 'factual situation' as to lack of due diligence in prosecuting it; *and where the facts alleged are such as to warrant a finding that the plaintiff was not lacking in due diligence, he has the right to be heard to explain, if he can, his delay in prosecuting the suit.* Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489." (Emphasis added.)

In Bevil et al. v. Johnson et al., 157 Tex. 621, 307 S.W.2d 85 (1957), it was held that a district court did not abuse its discretion in dismissing a motion for new trial for failure to prosecute with due diligence, even though the defendants had no intention to abandon the motion and though they had hopes of settling the case. Similar allegations are made in appellants' sworn reply to appellee's motion to transfer. Appellants in their sworn reply stated that since Sept. 10, 1960, "neither counsel for plaintiffs nor counsel for Jefferson Amusement Company have discussed the matter of a setting of their cause", and further alleged immediately after said above quoted statement as follows:

> "but numerous attempts have been made with the principal defendants to the said suit to settle the same; that during the period of this time counsel for the Plaintiffs has for approximately eighteen months been physically unable to try causes at the insistence and advice of his physicians, but there have been frequent negotiations in an attempt to settle the said cause; that when it became apparent that the cause could probably not be settled, the said Plaintiffs did on the 17th day of December, 1964, preparatory to trial of the cause, issue a commission to take the deposition of Julius Gordon, President of Jefferson Amusement Company, Inc., and other parties defendant; that upon the filing of this notice to take depositions the attorney for Jefferson Amusement Company, Inc. was consulted and advised that any date within his convenience would be agreeable for the taking of the deposition, and that there was no attempt to discommode the said Julius Gordon nor his attorneys."

> (Note: There are no allegations that there were any settlement negotiations between appellants and appellee herein. These settlement negotiations were between appellants and defendants other than the appellee.)

It appears from the pleadings that appellants' attorney is a member of a firm of attorneys which attorney and firm appear to be counsel of record for appellants—although said attorney was disabled from try-

ing the case for an undesignated 18 months period, there is no allegation that he was not able to try the case at any other time during the remainder of the aforesaid period of more than four years and no allegation was made that no other member of his firm could not try it during his 18 months period of disablement. We have carefully examined all of the allegations in plaintiffs' said sworn reply and conclude that such allegations are wholly insufficient to show due diligence and do not satisfactorily explain or excuse the more than four years delay and inaction on the part of appellants in securing a setting and hearing on their controverting affidavit and plea in opposition to appellee's plea of privilege.

The case of Loftus v. Beckmann et al., Tex.Comm.App., 1 S.W.2d 268 (1928), cited by appellants, is clearly distinguishable from the instant situation because in Loftus an agreement was made between the parties that the case should remain on the docket subject to future contingencies. This is not the case here as appellants in their sworn reply do not make any allegations of such character.

Also in the case at bar there are no pleadings of fraud or overreaching or inequitable conduct, of any character, on the part of appellee or appellee's counsel, which would in any way have excused the delay and inaction on the part of appellants. As we view this case, appellants simply do not allege any satisfactory or sufficient reasons to excuse their more than four years of delay and inaction.

In Hargrove v. Koepke, San Antonio C.C.A., opinion by Justice Pope, 320 S.W.2d 53, no writ (1959), it was held that where a plaintiff waited four years and nine months before asking for a venue setting in a plea of privilege case, the plaintiff would be deemed to have abandoned his controverting affidavit because of lack of diligence and the case would be transferred to the county of the defendant's residence.

The facts in the Hargrove case show that plaintiff filed suit in October, 1946, that de-

fendant filed a plea of privilege, a venue trial was had, but in April, 1948, the judgment was reversed and the cause remanded, that amendments were made by the parties and the venue setting was made for Oct. 11, 1948, and was postponed by agreement because of a death in the family of plaintiff's attorney. Not until July 3, 1953, and after different counsel had come into the case for plaintiff, did he ask for another setting. A hearing was obtained for Sept. 21, 1953, and at that time defendant filed his motion that the plaintiff had abandoned his controverting affidavit by reason of a delay in asking for a setting for a period of four years and nine months. We quote from the Court's opinion in the Hargrove case, in part, as follows:

"The trial court required the plaintiff to prove diligence, and then held that he had exercised diligence. We are called upon to examine the evidence to determine whether it proves diligence. Plaintiff proved that one of his attorneys was ill during 1949 and 1950. The proof, on the other hand, shows that plaintiff had other counsel who actually handled the settings and correspondence during 1948, and who was an attorney of record until June, 1953, when plaintiff employed new counsel. Plaintiff proved that he was absent from the State for nine months during 1950 or 1951, but he did not prove the circumstances which occasioned this absence. Plaintiff states that the dockets of Bexar County were crowded between 1948 and 1953. The argument is that because the dockets were crowded, he asked for no settings. If plaintiff had requested settings which were denied, or if he had been crowded off the docket after settings, there would be some proof of diligence. Because dockets are crowded does not justify plaintiff in doing nothing at all for almost five years. In fact, the record does not bear out the claim. The case was filed, venue was once tried and heard to conclusion on appeal, between

October, 1946, and April, 1948. In 1948 there was a venue setting, and in 1953, after request, another setting was obtained. Each time plaintiff asked for a setting he received one promptly. Between 1948 and 1953 he received no setting because he asked for none. An effort is made to attribute some of the delay to the defendant, because defense counsel would not agree to try the venue and merits together and would not stipulate concerning certain medical evidence plaintiff needed. Defense counsel, as early as 1948, made his position clear on these subjects. There is no duty upon opposing counsel to agree to a trial of the merits with venue; nor will we invoke sanctions upon the defendant for failing to aid his opponent in marshalling his evidence. Mention is made of recurrent conversations between plaintiff's counsel and his own witnesses. For almost five years, however, plaintiff contacted neither the court nor the defendant about a setting. Plaintiff's counsel casually mentioned the case to defendant's counsel one day in the foyer of a San Antonio office building, but did not discuss a setting or trial. Plaintiff had counsel during all of the time in question, but he did change attorneys.

"We are construing Rule 87, Texas Rules of Civil Procedure, which contemplates that courts shall promptly dispose of venue questions. The rule says so. We are not prepared to hold that a request made after waiting four years and nine months, is diligence. The showing of diligence was no more than a scintilla of evidence. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

"The provision of Rule 87, T.R.C.P., that venue questions shall be heard promptly, we are advised is directory only. Farrar v. Anglin, Tex.Civ.App., 273 S.W.2d 665. To hold that a provision is directory is not to hold that it is meaningless. In our opinion, the provision for a prompt hearing is a strong factor that judges consider in setting their cases, and this record bears out the idea that judges grant venue hearings promptly if and when requested.

"The long delay on this preliminary matter was not excused and diligence was not proved. Bevil v. Johnson [157 Tex. 621], 307 S.W.2d 85; Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489; Flanagan v. Smith, 21 Tex. 493, 496; Brooks Supply Co. v. Hardee, Tex.Civ. App., 32 S.W.2d 384; 4 McDonald, Texas Civil Practice, § 17.18.

"The judgment is reversed and the cause remanded with instruction that the cause be transferred from Bexar County to McCulloch County."

In Denton County v. Brammer et ux., Tex., 361 S.W.2d 198 (1962), the Brammers timely filed objections to an award in condemnation. About 7 years thereafter the Brammers filed amended objections. No citation was ever issued or served. The Brammers allowed a 5 year period to elapse after their withdrawal of the commissioners' award before obtaining a setting and trial in the county court on their claim. The Denton County case, supra, was a 5 to 4 decision of the Supreme Court of Texas, with a majority opinion, a concurring opinion and a dissenting opinion being written in said cause. The majority opinion stated in part as follows:

"The question of law presented to this Court by Denton County is: Whether the trial court abused its discretion in failing to hold that the circumstances of the unexplained failure of Brammer to cause citation to issue, and the undisputed evidence that Brammer waited for a period of five years after having withdrawn the $800.00 deposit (the award of the Commissioners) before obtaining a setting and trial of his claim for compensation and damages, raised a conclusive presumption that Brammer had abandoned his objections.

\* \* \* \* \* \*

"Brammer abandoned his objections and exceptions long before the filing of his amended objections and exceptions to the award, and, therefore, was not entitled to a judicial determination of the matters presented in his objections and exceptions to the special Commissioners' award. See Flanagan v. Smith, 21 Tex. 493; Ponton v. Bellows, 13 Tex. 254; Gillespie's Adm'r v. Redmond, 13 Tex. 9; Bogle v. Landa et al., 127 Tex. 317, 94 S.W.2d 154; Ware v. Jones et al., Tex.Com.App., 242 S.W. 1022; Routh v. City of San Antonio, Tex.Civ.App., 302 S.W.2d 452, no writ hist.; Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489, 491; Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85. \* \* \*"

In the dissenting opinion in the Denton County case, supra, it was stated in part as follows:

"The true question before this Court is not whether as a matter of law Brammer abandoned his objections to the award of the special commissioners, but is whether the trial judge abused his discretion in overruling and in not sustaining Denton County's motion to dismiss the objections. Our latest expression on the subject of discontinuance or abandonment is found in Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85. In that case we reaffirmed the power of a trial court to dismiss a legal proceeding because of failure to prosecute it with due diligence, and said:

'The matter rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. *Upon review, the question is whether there was a clear abuse of discretion by the trial court.* That is a question of law.' (307 S.W.2d 87)

\* \* \* \* \* \*

"No opportunity has been offered Brammer to present evidence to the trial judge to explain his undue delay in the respects mentioned, and the trial judge, therefore, has had no opportunity to exercise his discretion in adjudicating the basic facts of the discontinuance. I would reverse the judgments of the courts below and would remand the cause to the trial court with directions to hear such evidence as Brammer may care to offer on the motion to dismiss. The trial judge should then act on the motion to dismiss. If good reason for his delay is not shown by Brammer, his objections should be dismissed and judgment should be entered on the award just as though no objections had been filed. If good reason is shown, the motion to dismiss should be overruled and the court should proceed to retrial of the case on its merits. In either event the court's ruling on the motion to dismiss would be reviewable on appeal as for abuse of discretion."

The concurring opinion in the Denton County case, supra, states in part as follows:

"I concur in the result reached here, namely, the reversal of the judgments of the trial court and the Court of Civil Appeals, and the rendition of judgment in favor of G. H. Brammer and wife, only in the sum of $800.00, *for the reason that in my opinion the matters of fact alleged by the condemnees in their brief to excuse their delay are not sufficient in law.*" (Emphasis added)

■ Since the matters of fact pleaded by appellants in their sworn reply to excuse their more than four years of delay and inaction are not sufficient in law (as hereinbefore held and outlined) we think it is clear that the trial court did not err (nor did he abuse any discretion lodged in him) in not permitting appellants to offer formal sworn proof of the factual matters pleaded

in appellants' sworn reply to appellee's motion. Undoubtedly the trial court accepted as true all the factual matters set forth in appellants' said sworn reply and concluded that said pleaded factual matters, accepted as true, were not sufficient in law to excuse appellants' said admitted more than four years delay and inaction.

It is our view that neither error nor abuse of discretion on the part of the trial court is shown under the record in this cause. All of appellants' points and contentions have been considered and the same are overruled.

The judgment of the trial court is affirmed.