Roy L. DAVIS d/b/a Davis Charter Service, Appellant,

v.

AQUILA, INC., Appellee.

No. 1668.

Court of Civil Appeals of Texas, Corpus Christi.

May 15, 1980.

Mark Freeland, Freeland & Freeland, McAllen, for appellant.

Gary Gurwitz, McAllen, for appellee.

OPINION

BISSETT, Justice.

This is an appeal by the plaintiff, Roy Davis d/b/a Davis Charter Service (Davis),

from an order of the trial court which sustained a plea of privilege by defendant Aquila, Inc., (Aquila), in a deceptive trade practice case. Davis brought suit in the county of his residence, Hidalgo County, Texas, against Aquila and Cessna Aircraft Company, for alleged deceptive trade practices in connection with the purchase of an airplane. Cessna, a Kansas Corporation, answered without contesting venue. Aquila, however, filed a plea of privilege to be sued in Midland County, Texas, the county of its residence. Davis timely filed his controverting plea wherein, among other contentions, it was urged that venue was proper in Hidalgo County under Section 17.56 of the Deceptive Trade Practices Act [DTPA], Tex.Bus. & Comm.Code Ann. §§ 17.41–17.63 (1968) and (Supp.1980). After a hearing at which only Davis testified, the trial court sustained Aquila's plea.

■ The only contention on appeal made by Davis is that venue is proper in Hidalgo County under Section 17.56 of the DTPA. This suit was filed on June 27, 1979. Prior to August 27, 1979, Section 17.56 of the DTPA provided that:

"an action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business."

The rule of law is that venue of an action is controlled by the law in effect at the time of institution of the suit. *Dairyland County Mutual Insurance Co. v. Harrison*, 578 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Temple News Agency v. Want Ads of Waco*, 573 S.W.2d 269 (Tex. Civ.App.—Waco 1978, no writ). Hence, venue of this case under the DTPA is controlled by the version of Section 17.56 in effect prior to August 27, 1979, when it was last amended by the legislature.[1]

Under Section 17.56 as it existed prior to August 27, 1979, it was not incumbent upon a plaintiff to prove a cause of action under the DTPA; the allegation of a claim under Section 17.50 was sufficient. *United Plastics Co. v. Dyes*, 588 S.W.2d 857 (Tex.Civ. App.—Tyler 1979, no writ); *Compu-Center, Inc. v. Compubill, Inc.*, 580 S.W.2d 88 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ). In this case, plaintiff alleged a cause of action under Section 17.50 of the DTPA. The controversy in the case at bar centers around the additional requirement under Section 17.56 that plaintiff *prove* either that defendant resides in the county of suit, has his principal place of business there, or has done business in such county. It is undisputed that Aquila neither resided in, nor had its principal place of business in, Hidalgo County on the date that this suit was filed, or when the plea of privilege was heard. The question to be answered is whether Aquila had "done business" in Hidalgo County for the purposes of Section 17.56.

The parties are in total disagreement regarding the proper test to be applied in determining whether a person has "done business" in a particular locality for purposes of venue under the DTPA prior to August 27, 1979. Davis argues that the proper test is one of "minimum contacts" such as is used in Tex.Rev.Civ.Stat.Ann. art. 2031b (1964) and (Supp.1980), our state's long-arm statute. Aquila, on the other hand, relying on *Moore v. White*, 587 S.W.2d 549 (Tex.Civ.App.—Dallas 1979, no writ), contends that minimum contacts has been rejected in Texas insofar as the "has done business" requirement for venue under the DTPA is concerned.

In *Frost v. Molina*, 595 S.W.2d 184 (Tex. Civ.App.—Corpus Christi 1980, writ pending), we held that plaintiff, in order to prove that defendant had done business in

---

1. Effective August 27, 1979, Section 17.56 was amended to provide that:

"An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has

a fixed and established place of business at the time the suit is brought or in the county in which the alleged act or practice occurred or in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar."

the county of suit for purposes of Section 17.56 of the DTPA, had to show that defendant had performed either a series of acts in the county of suit for the purpose of realizing a pecuniary benefit, or a single act with the intention of initiating a series of such acts.

At the plea of privilege hearing below, it was established that Davis purchased a Cessna aircraft from Aquila in May, 1978. Aquila initially contacted Davis over the phone at his office in Hidalgo County. A man with Aquila solicited a demonstration of the airplane to Davis. For this purpose, the plane was flown to Hidalgo County, where it picked Davis up. The plane was then flown to El Paso and back to Hidalgo County, a contract for the purchase of the airplane was executed by Davis and Aquila. The airplane was ultimately delivered to Davis in Hidalgo County.

Evidence that defendant engaged in a *single* transaction in Hidalgo County, without *more*, is "no evidence" that defendant "has done business" in Hidalgo County. Davis' point of error is overruled.

AFFIRMED.