**JIM WALTER HOMES, INC., Appellant,**

v.

**Irwin DOUGLAS et ux., Appellees.**

**No. 1708.**

Court of Civil Appeals of Texas, Corpus Christi.

June 26, 1980.

Rehearing Denied Aug. 29, 1980.

Scott J. Atlas, Richard H. Freed, Vinson & Elkins, Houston, for appellant.

Hector Gonzalez, Sinton, Hubert L. Stone, Jr., Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This appeal arises from an order overruling a plea of privilege. Irwin Douglas and wife, Beverly Douglas, brought suit in Nueces County against Jim Walter Homes, Inc., alleging violations by the defendant of

the Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Comm.Code Ann. § 17.41 et seq. (Supp.1980) (hereinafter called the Act).· The alleged violations occurred as a result of a contract by the defendant to build a house for the plaintiffs wherein the defendant's salesman allegedly misrepresented the quality of workmanship and materials provided. The trial court overruled the defendant's plea of privilege to be sued in Harris County, the county of its residence. The record reflects no request for or filing of findings of fact or conclusions of law. We affirm.

In our review of the order overruling the plea of privilege, we must affirm the judgment of the trial court on any legal theory that finds support in the evidence and it must be presumed that every issue of fact was resolved in favor of the appellees by the trial court. *Rouse v. Shell Oil Co.,* 577 S.W.2d 787 (Tex.Civ.App.—Corpus Christi 1979, writ dism'd).

In its point of error 3, the appellant contends that venue cannot be maintained in Nueces County because Harris County or one of the surrounding counties are locations of: 1) appellees' residence; 2) the house about which appellees complain; 3) the execution of the contracts concerning construction and financing of that house; 4) appellant's office and personnel with whom appellees dealt; 5) the alleged misrepresentations; and 6) the land on which appellant first took liens. In other words, according to the appellant, the only connection this case has with Nueces County is that the appellant happened to have done business in Nueces County.

We first note that the venue provisions of the Act (§ 17.56) that were in effect at the time of the institution of this suit were amended in 1977. The further amended provisions (amended in 1979) which are the law today became effective August 27, 1979, several months after this suit was filed on March 21, 1979. The venue provisions were changed in each amendment. See *Dairyland County Mut. Ins. Co. v. Harrison,* 578 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Hanssard v.*

*Ledbetter,* 561 S.W.2d 34 (Tex.Civ.App.—Waco 1978, no writ).

In three recent cases this Court has set forth the requirements to fix venue under the Act, as it existed during the period in which this suit was filed. *Sam Kane Beef Processors, Inc. v. Manning,* 601 S.W.2d 93 (Tex.Civ.App.—Corpus Christi 1980); *Davis Service v. Aquila, Inc.,* 600 S.W.2d 367 (Tex.Civ.App.—Corpus Christi 1980); *Commercial Equipment Leasing Company v. Steve's Oil Field Services, Inc.,* 601 S.W.2d 462 (Tex.Civ.App.—Corpus Christi 1980). In those cases we said that a cause of action need not be proven under the Act; the allegation of a claim to relief is sufficient. Further, we said that a plaintiff must prove, however, that the defendant has done business in the county in which suit was brought. In the case at hand the parties stipulated that the appellant has done business in Nueces County.

All of which brings us to whether appellees have properly alleged a claim for relief. Appellees, in their first amended petition, alleged that appellant violated the Act in many respects. The appellees then set out such violations as contained in § 17.46(a); 17.46(b)(2),(3),(5),(7), and (9); and § 17.50(a)(3). For example, the appellees alleged:

"That the acts and practices represented that the goods or services of the Defendant were of a particular standard, quality or grade when they were of another in violation of Sec. 17.46(b)(7);"

\* \* \* \* \* \*

We hold, therefore, that the appellees have met the requirements of allegation and proof necessary to retain venue in Nueces County under § 17.56 of the Act. Appellant's point 3 is overruled.

Appellant contends, in its point 2, that Tex.Rev.Civ.Stat.Ann. art. 1995, Subdivision 14 (1964), applies and is mandatory because the appellant's suit is a suit to remove encumbrances upon the title to land or to quiet title to land and that the land in question is not located in Nueces County.

We have carefully examined appellees' first amended petition (their last petition) and we find no mention of any encumbrances on their title or of any necessity to quiet title. Nor does the evidence adduced at the plea of privilege hearing require us to hold that Subdivision 14 applies as a matter of law. Further, Subdivision 30 of Article 1995 provides that whenever any law expressly prescribes venue in a particular county, then the suit shall be commenced in that county. The Act, as it existed when this suit was brought, contained specific venue provisions in § 17.56 as follows:

"§ 17.56. Venue

An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business."

So Subdivision 30 also requires us to overrule appellant's point 2.

■ Next, the appellant argues, in its point 5, that appellees waived any challenge to appellant's plea of privilege by failing to secure a prompt venue hearing. In support of its contention appellant cites *Farr v. Jefferson Amusement Co.*, 396 S.W.2d 434 (Tex.Civ.App.—Texarkana 1965, writ dism'd) and *Hargrove v. Koepke*, 320 S.W.2d 53 (Tex.Civ.App.—San Antonio 1959, no writ). After filing his controverting affidavit and before requesting a venue setting the plaintiff waited four years and four months in *Farr* and four years and nine months in *Hargrove*. In the case before us the first controverting affidavit was filed April 26, 1979, but the record does not reflect when a venue setting was requested. On January 24, 1980, the hearing on the venue matter was conducted by the trial court. But the lapse of nine months between the filing of appellees' controverting affidavit and the venue hearing (compared to over four years in the cited cases) does not demonstrate to us as a matter of law that the appellees have abandoned their controverting affidavit because of a lack of diligence. Appellant's point 5 is overruled.

Because the trial court's judgment can be affirmed based upon § 17.56 of the Act, it is unnecessary for us to discuss appellant's remaining points which even if sustained would not require a reversal of the case.

The judgment of the trial court is affirmed.