COMPU–CENTER, INC. et al., Appellants,

v.

COMPUBILL, INC., Appellee.

No. 17279.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 29, 1979.

Neal D. Cannon, Jr., Houston, for appellants.

Doherty, Vela, Poser & Collins, Larry J. Doherty, Houston, for appellee.

Before EVANS, WALLACE and WARREN, JJ.

EVANS, Justice.

This is a venue case.

The plaintiff, Compubill, Inc., brought this action against defendants, Compu-Center, Inc., and George W. Jordan, III, in Fort Bend County, Texas, alleging that by virtue of an agreement negotiated by the parties in the county of suit, the defendants were to furnish a computer system and to license plaintiff in its use in Harris, Fort Bend, Wharton and Austin Counties; that in reliance upon the defendants' representation that the system would be delivered not later than the middle of January, 1977, the plaintiff had incurred extensive costs and expenses; and that the acts and omissions on the part of the defendants were false, misleading and deceptive within the meaning of the Texas Deceptive Trade Practices-Consumer Protection Act, § 17.46 Tex.Bus. & Comm. Code Ann. Both of the defendants filed pleas of privilege which, after a non-jury hearing, the trial court overruled. The defendants appeal from the trial court's order denying their pleas of privilege.

In their first point of error, the defendants contend that the trial court erred in overruling their plea of privilege because the plaintiff failed to plead and prove a cause of action under the Texas Deceptive Trade Practices-Consumer Protection Act. It is the plaintiff's position that the trial court properly maintained venue in the county of suit under the applicable provision of the Texas Deceptive Trade Practices Act which provides:

"Section 17.56. Venue

An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business."

Prior to the amendment of this statute effective May 23, 1977, the quoted provision did not contain the phrase "which alleges a claim to relief". The plaintiff's original petition in the case at bar was filed July 22, 1977, after the effective date of the amendment, and the plaintiff was not required, therefore, to do more than allege a claim for relief under Section 17.50. The defendant's first point of error is overruled.

The defendants' second and third points of error contend that the trial court erred in

overruling their pleas of privilege because the evidence did not establish that they resided or had their principal place of business in Fort Bend County, Texas, or that they had done business in that county within the meaning of the venue provision. Under these points the defendants argue that the mere fact of their having negotiated with the plaintiff in Fort Bend County prior to the execution of the contract and of their having customers located in Fort Bend County did not constitute their having "done business" within the meaning of the statute.

The plaintiff's president and chief executive officer, Kenneth R. Simon, testified that he had incorporated Compubill, Inc. for the purpose of going into the computer time sharing business, specializing in medical billings. He met the defendant George W. Jordan, III, a vice-president and executive officer of the defendant Compu-Center, Inc., in August 1976, and as a result of meetings in Fort Bend County, Texas, the parties reached an understanding whereby the defendants were to furnish a computer software system to the plaintiff by the middle of January 1977. According to the plaintiff's testimony, Jordan represented that he was developing a very valuable medical billing system and that if the plaintiff purchased his package, it would receive extensive market support and would serve the defendant's clients in Fort Bend and Harris Counties. Simon further testified that Jordan was, at that time, doing business for doctors in Fort Bend County and that Jordan had represented to him that he was then doing business in that county. On cross-examination, Simon testified that Jordan had represented to him that the defendant, Compu-Center, Inc., was already engaged in business in Fort Bend County and that he had customers in that county. A written contract was subsequently executed by the parties in Harris County on December 4, 1976, Simon signing for Compubill and Jordan signing for Compu-Center. In order to implement the filing system, forms were filled out in the physicians' offices in Fort Bend County and mailed to defendant Compu-Center's offices in Neuc-

es County, where they were processed through computers, and the billings were then mailed directly to the physicians' clients. The defendant Compu-Center then billed the physicians for its services.

Mr. Jordan, called as a witness for the defendants, testified that the principal place of business of Compu-Center, Inc. was Corpus Christi, Texas, and that neither he nor his company had ever maintained an office in Fort Bend County. He explained the company's business operations as batch processing of billings for various types of businesses, predominately in the medical field. His customers had been procured through various medical meetings held either in Houston, San Antonio or Dallas, and he had solicited customers in counties other than Fort Bend County.

The Deceptive Trade Practices-Consumer Protection Act does not set forth any standard for the determination of those acts which prove that a party has "done business" within the meaning of the statute. In Maxwell, Public and Private Rights and Remedies under the Deceptive Trade Practices-Consumer Protection Act, 8 St. Mary's Law Journal 617 (1977) at page 647, it is suggested:

> The "doing business" provision is a novel feature for Texas and no specific test of doing business is provided in the DTPA. . . . A suggested approach is to employ the minimum contacts test utilized in determining whether Texas may exercise jurisdiction over a nonresident defendant. This approach commends itself not only because Texas' long-arm statute also uses the term doing business (2031b), but also because the minimum contacts test, by definition, ensures that the defendant is accorded fundamental fairness in the designation of a forum for suit.

The acts which constitute "doing business" in this state under the provisions of the Texas long-arm statute include "entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this

State, or the committing of any tort in whole or in part in this State." Article 2031b(4) Tex.Rev.Civ.Stat.Ann. Thus, the provisions of Article 2031b(4) include acts sounding in tort as well as in contract.

The contract in question was actually executed by the parties in Houston, Harris County, Texas. The terms of the contract did not state where it was to be performed, and it does not affirmatively appear that performance was to take place in Fort Bend County.

The defendants do admit to having clients in Fort Bend County; however, the testimony is undisputed that all such clients were solicited in counties other than Fort Bend County and that all personnel working with the physicians' offices were trained in the defendants' offices in Corpus Christi. The defendants' clients sent their information to Corpus Christi for processing, and billings to the clients were mailed directly from the Corpus Christi office. It does not appear, therefore, that there is evidence from which the trial court could properly have inferred that the parties had entered into a contract to be performed in whole or in part in the county of suit.

 There is testimony, in the record, that during the parties' negotiations in Fort Bend County, Mr. Jordan represented that his company was at that time doing business for doctors in Fort Bend County and had been doing business there. However, Mr. Jordan's subsequent testimony clearly negates the possibility that the contract was to be performed in whole or in part by either party in the county of suit. If Mr. Jordan's testimony be considered as an admission that his company had done business in the county of suit, his testimony in this respect was, at best, a quasi-admission regarding the legal status of his company, subject to clarification by subsequent evidence bearing upon the subject. *Texas Distillers, Inc. v. Howell*, 409 S.W.2d 888 (Tex. Civ.App.-San Antonio 1966, writ ref'd n. r. e.)

There was, however, evidence from which the trial court could have concluded that the defendants were jointly responsible to the plaintiff for the tortious misrepresentations allegedly committed in Fort Bend County, Texas. The plaintiff's president testified that such representations were made to him by Mr. Jordan at the Valley Lodge Club in Simonton, Fort Bend County, Texas, and that in reliance on such representations, he took actions which resulted in loss when the software system was not delivered at the time promised. Thus, there is evidence in the record to support the trial court's implied finding that the defendants were jointly responsible to the plaintiff for misrepresentations under the Texas Deceptive Trade Practices-Consumer Protection Act, which were made in Fort Bend County, Texas. The defendants second and third points of error will, therefore be overruled.

In view of the court's disposition of the defendants' third point of error, it becomes unnecessary to consider the fourth point of error asserted by the defendant Jordan that venue could not be properly maintained against him under Section 29a Article 1995, Tex.Rev.Civ.Stat.Ann.

The trial court's venue order is affirmed.