Marion Vernon PETTIT and Margaret J. Pettit, Appellants,

v.

Wayne ENGLAND, Appellee.

No. 19826.

Court of Civil Appeals of Texas, Dallas.

June 4, 1979.

Randall H. Nunn, Dallas, for appellants.

Aalon W. Ferguson, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

CARVER, Justice.

This is a venue appeal. Pettit offered no proof at the venue hearing but relied solely on his petition alleging a claim to relief under the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Com.Code Ann. § 17.50 (Vernon Supp. 1978–1979) and alleging that the defendant England had done business in the county of suit thus entitling Pettit to special venue under section 17.56 of the act. The trial court sustained England's plea of privilege.

We affirm on the ground that although section 17.56 of the act as amended in 1977 does not require proof of a cause of action, proof must be made that the defendant resided in the county of suit, has his principal place of business in the county of suit, or has done business in the county of suit.

The special venue relied upon by Pettit is contained in section 17.56 of the act: "An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business." Before amendment in 1977, section 17.56 read: "An action brought under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or is doing business." Under this former provision, our courts have held that the plaintiff had the burden to plead and prove a cause of action under section 17.50 as well as the burden to plead and prove that the county of suit was the defendant's county of residence, the defendant's principal place of business or that the defendant "is doing business" in such county. *Joc Oil Aromatics v. Commercial Fuel Oil Co.*, 564 S.W.2d 490 (Tex.Civ. App.-Houston [1st Dist.] 1978, no writ); *Hanssard v. Ledbetter*, 561 S.W.2d 34 (Tex. Civ.App.-Waco, 1978, no writ); *Doyle v. Grady*, 543 S.W.2d 893 (Tex.Civ.App.-Texarkana 1976, no writ); *Hudson & Hudson Realtors v. Savage*, 545 S.W.2d 863 (Tex. Civ.App.-Tyler 1976, no writ). The current section 17.56, adopted subsequent to these cases, clearly shows the legislative intent that allegation, as opposed to proof, of the cause of action would be sufficient for venue purposes. However, with relation to the residence or business of defendant, the amendment only substitutes the words "has done" for "is doing" in the last phrase of the section. We do not find any legislative intent to change prior case law on proof of residence or business location by this change of grammatical tense. The defendant's valuable right to be sued in the county

of his residence requires that the application of a venue exception depend upon the existence, rather than mere allegation, of venue facts and it is the plaintiff's burden to establish those venue facts. 1 McDonald, Texas Civil Practice, § 4.55 (1965); *Meredith v. McClendon*, 130 Tex. 527, 111 S.W.2d 1062 (1938). In addition, the legislature is presumed to have considered the judicial construction of section 17.56 prior to the amendment and, by amending only part of the statute, left intact the prior case law requiring proof of venue facts. *Walker v. Thetford*, 418 S.W.2d 276, 292 (Tex.Civ. App.-Austin 1967, writ ref'd n.r.e.).

The same conclusion was reached in *Dairyland County Mutual Insurance Co. of Texas v. Harrison*, 578 S.W.2d 186 (Tex.Civ. App.-Houston [14th Dist.] 1979, no writ) although, in that case, proof that Dairyland "has done business" in Harris County was offered and found to be sufficient.

Affirmed.