Albert H. MOORE, Jr., Appellant,

v.

Royce WHITE and Sharon White, Appellees.

No. 20141.

Court of Civil Appeals of Texas, Dallas.

Sept. 18, 1979.

Warwick H. Jenkins, Jenkins & Jenkins, Waxahachie, for appellant.

Mark M. Greenberg, Dallas, for appellees.

Before AKIN, STOREY and CARVER, JJ.

AKIN, Justice.

This is an appeal from an order overruling a plea of privilege. Plaintiffs filed suit in Dallas County alleging violations of the Texas Deceptive Trade Practices Act. Defendant, a resident of Ellis County, filed a plea of privilege and plaintiffs controverted it, relying on the venue exception contained in the act. Tex.Bus. & Com.Code Ann. § 17.56 (Vernon Supp.1978–1979).[1] The tri-

---

1. The Texas Statute creating the right to be sued in the county of the defendant's residence specifically provides for venue exceptions con-
tained in other statutes. Tex.Rev.Civ.Stat.Ann. art. 1995(30) (Vernon 1964).

al court overruled defendant's plea of privilege. Plaintiffs contend they may establish that defendant has done business in Dallas County merely by evidence that defendant sold one house in Dallas County. We disagree and hold that evidence that defendant engaged in a single transaction in Dallas County, without more, is "no evidence" that defendant "has done business" in Dallas County. Accordingly, we reverse the order of the trial court and render judgment sustaining the plea of privilege.

Tex.Bus. & Com.Code Ann. § 17.56 (Vernon Supp.1978–79) provides that, "An action brought which alleges a claim for relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, *or has done business.*" [Emphasis added] Section 17.56 requires no proof of a cause of action under the Deceptive Trade Practices Act in order to sustain venue. The plaintiff merely has to allege a cause of action under the act. *Pettit v. England,* 583 S.W.2d 875 (Tex.Civ.App.—Dallas 1979, no writ). No question exists that plaintiffs' petition alleges a cause of action under Section 17.50 of the Deceptive Trade Practices Act. The only question before us is the sufficiency of the evidence offered at the venue hearing.

Defendant first contends that plaintiffs must introduce their petition into evidence to prove that they have alleged a cause of action under the statute. We disagree. "When the nature of the suit is a venue fact, the petition is the best and sufficient evidence of the 'principal right asserted and the relief sought for the breach thereof.' It need not be introduced formally into evidence, for the court will take judicial notice of its contents." 1 R. McDonald, Texas Civil Practice § 4.55, at 611–612 (rev. 1965). *Schwartz Co., Inc. v. Paulsel Lumber Co.,* 564 S.W.2d 456, 459 (Tex.Civ.App.—Fort Worth 1978, writ dism'd).

We turn now to appellant's second contention that the plaintiffs' evidence failed to establish that the defendant "has done business" in Dallas County so as to fall within the ambit of Section 17.56. In the instant case, the plaintiffs testified that their house was located in Dallas County and that they purchased the house from the defendant. They offered no further evidence to show that defendant has done business in Dallas County. Plaintiffs contend this is sufficient to support a finding that defendant has done business in Dallas County. We disagree.

In *Texan Meat Co. v. Inness,* 308 S.W.2d 956 (Tex.Civ.App.—Dallas 1957, no writ) this court considered the definition of "doing business" in an opinion reversing an order overruling a plea of privilege. The court set forth the definition as, "doing a series of similar acts for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object, or doing a single act or such purpose with the intention of thereby initiating a series of such acts." Plaintiff has not shown a series of acts by defendant nor has he presented evidence from which it can be inferred that defendant had any intent to perform a series of acts in Dallas County. Plaintiffs' evidence consists solely of testimony of an isolated transaction in Dallas County. This testimony is "no evidence" that defendant had done business in Dallas County.

Plaintiff relies on *Dairyland County Mutual Insurance Company of Texas v. Harrison,* 578 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ) and *Compu-Center, Inc. v. Compubill, Inc.,* 580 S.W.2d 88 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Both of these cases are distinguishable on their facts. In *Dairyland,* the defendant had taken out an ad in the yellow pages of the Houston phone director. In *Compu-Center,* there was evidence that the defendants had other clients in Fort Bend County and that they had represented to plaintiff that they were doing business with several doctors in Fort Bend County in order to induce plaintiff to purchase a computer software system. In *Compu-Center* there was also evidence of a series of trans-

actions by the defendant in the county of suit and in *Dairyland,* the yellow page ad was an attempt to solicit customers, indicating an intent to engage in a series of transactions in Harris County. No such evidence exists in the case at bar.

The Houston Court of Civil Appeals [1st Dist.] in *Compu-Center* cited a law review article, Maxwell, Public and Private Rights and Remedies under the Deceptive Trade Practice—Consumer Protection Act, 8 St. Mary's Law Journal 617, 647 (1977), indicating that the minimum contacts test of the long arm statute, Tex.Rev.Civ.Stat.Ann. art. 2031b (Vernon 1964), may be used to establish venue under Section 17.56. We expressly reject the application of the minimum contacts test of article 2031b to the venue provisions of the Deceptive Trade Practices Act. Instead, the better approach is to look to prior case law defining "doing business" and "has done business." We see no logical reason to complicate the venue provisions of section 17.56 by engrafting on to it the special definition of that term in article 2031b.

Accordingly, the trial court's order overruling the defendant's plea of privilege is reversed and judgment is here rendered transferring this case to Ellis County.