Jack FROST and Noe Ramon, Appellants,

v.

Benigno L. MOLINA and Carolina R. Molina, Appellees.

No. 1593.

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 31, 1980.

Rehearing Denied March 13, 1980.

William Morrow, Brownsville, for appellants.

George Powell, Texas Rural Legal Aid, Inc., Edinburg, for appellees.

OPINION

BISSETT; Justice.

This appeal concerns the question of venue in a mixed "fraud" and "consumer protection" case. Defendants Jack Frost and Noe Ramon [hereinafter referred to by name] appeal from the trial court's order overruling their respective pleas of privilege to be sued in Cameron County, their county of residence, rather than in Hidalgo County, where the suit was filed. Benigno L. Molina and Carolina R. Molina, Plaintiffs, [hereinafter referred to as the "Molinas"], residents of Hidalgo County, sued Jack Frost, Noe Ramon, Ernie Bennett and Gordy Ohmstead, "doing business as U. S. Builders and Supply" [hereinafter referred to as U. S. Builders] for damages allegedly resulting from fraudulent representations, for violations of the Home Solicitation Transactions Act,[1] and for violations of the Deceptive Trade Practices Act.[2]

Frost and Ramon filed separate pleas of privilege to be sued in Cameron County. The Molinas then timely filed their controverting pleas which urged proper venue in Hidalgo County on the basis of Subdivisions 4 and 14 of Tex.Rev.Civ.Stat.Ann. art. 1995 (1964) and the venue provisions of the Deceptive Trade Practices Act and the Consumer Credit Code.

The Molinas also sued Jefferson Savings and Loan Association, which is domiciled in Hidalgo County, for a declaratory judgment cancelling a lien on their residential homestead, which is located in Hidalgo County. Defendants Jefferson Savings and Loan Association, Bennett, and Ohmstead are not parties to this appeal.

The instant suit arose out of a home improvement contract, entitled "Contract for Labor and Material and Trust Deed," dated September 21, 1977, signed by the Molinas, as "Owner," and by Jack Frost on behalf of U. S. Builders, as "Contractor."

---

1. Tex.Rev.Civ.Stat.Ann. art. 5069–13.01 *et seq.* (Supp.1979).

2. Tex.Bus. & Comm. Code Ann. § 17.41 *et seq.*, (Supp.1980). All statutory references are to Vernon's Texas Civil Statutes Annotated or to Vernon's Texas Codes Annotated.

The contract provided for the installation of metal siding upon the Molina Home. The Molinas alleged: that the contract was executed and the contract work was performed; that the work was unsatisfactory because it did not stop moisture from collecting in the inside of their house; that the defendants Frost, Ramon, Ohmstead and Bennett, doing business as U. S. Builders, represented to them prior to the execution of the contract that the installation of metal siding on their house by U. S. Builders would solve their moisture problem; that such representations were false; that they relied on such representations to their damage; that the contract price for the work was stated in the contract to be $12,686.40, which was false for the reason that $3,900.00 thereof "was for consumer bills having nothing to do with the house"; that on September 21, 1977, they also signed a loan and disclosure agreement with Jefferson Savings and Loan Association "with the total payments being $12,686.40"; that "throughout the whole transaction the Plaintiffs were led to believe that there would be no lien on their house"; that such representation was false; that they relied on such representation to their detriment; that the contract and the loan and disclosure agreements are "consumer transactions"; that the transaction between them and the defendants Frost, Ramon, Ohmstead and Bennett is a home solicitation transaction, which is "covered by Chapter 13 of Article 5069, Texas Revised Civil Statutes"; that the defendants Frost, Ramon, Ohmstead and Bennett violated Article 5069–13.02(b) and Article 5609–13.03(a)(3) in several particulars; that such violations "constitutes a deceptive trade practice" under Article 17.46 et seq., of the Texas Business Code. They further alleged that the lien created by the contract was void in that it was created on their residential homestead in a manner which is not permitted by law; and that the contract and the lien securing the same was assigned by U. S. Builders to Jefferson Savings and Loan Association. The Molinas prayed for: 1) a declaratory judgment that the lien on their residential homestead be declared null and void; and 2) damages.

The trial court, at the request of Frost and Ramon, made and filed findings of fact and conclusions of law. The relevant findings, insofar as this appeal is concerned, read:

"3. That there is more than one defendant in this case and that one of the Defendants, Jefferson Savings and Loan Association of Texas, is a savings and loan association whose main place of business is in Hidalgo County, Texas. Jefferson Savings and Loan Association's sole place of business is in Hidalgo County, Texas.

4. One of the allegations contained in the Plaintiffs' Petition and being maintained by the Plaintiffs is that there is a defective lien on real estate and homestead owned by the Plaintiffs. The real estate is described as Lot 26, Block 2, Colonia McAllen, Hidalgo County, Texas.

\* \* \* \* \* \*

7. Jefferson Savings and Loan Association of Texas is the present lienholder on the real estate owned by the Plaintiffs and located in Hidalgo County, Texas.

8. The lien held by the Defendant Jefferson Savings and Loan Association of Texas arose out of the transaction upon which this lawsuit is based.

9. That the Plaintiffs entered into a contract for home repairs with U. S. Builders and Supply of Hidalgo County, Texas. The contract is signed on behalf of U. S. Builders and Supply by the Defendant Jack Frost.

\* \* \* \* \* \*

11. The contract signed by Jack Frost was assigned to the Defendant Jefferson Savings and Loan Association of Texas;

12. The assignment was also signed by the Defendant Jack Frost.

\* \* \* \* \* \*

16. The address for the place of business of Jack Frost was at the time of the transaction the same address as the place of business in Hidalgo County, Texas.

17. The Defendant Jack Frost regularly does business in Hidalgo County, Texas."

\* \* \* \* \* \*

■ Findings of fact are not conclusive where the reviewing court has a complete record. *Swanson v. Swanson,* 148 Tex. 600, 228 S.W.2d 156 (1950); *Trinity River Authority of Texas v. San Jacinto County,* 535 S.W.2d 422 (Tex.Civ.App.—Beaumont 1976, writ dism'd); *Anderson v. Anderson,* 503 S.W.2d 124 (Tex.Civ.App.—Corpus Christi 1973, no writ). In the case at bar, we have a complete record.

Two points of error have been brought forward by Frost and Ramon. They contend, in the first point, that it was reversible error to overrule their pleas of privilege because they were not proper parties to any cause of action against Jefferson Savings and Loan Association. In the second point, they claim reversible error because the Molinas did not allege or prove a cause of action against Jefferson Savings and Loan Association.

Both points of error relate to the Molinas' assertion at the plea of privilege hearing that venue in Hidalgo County as to Frost and Ramon is proper under Tex.Rev.Civ. Stat.Ann. art. 1995, subd. 4 (1964). The subdivision provides that if two or more defendants to a cause of action reside in different counties, suit may be brought in any county where one of the defendants resides. Plaintiff must satisfy three separate requirements in order to establish venue under the subdivision. Those requirements are discussed in the next succeeding three paragraphs.

■ First, he must plead and prove that one of the defendants is a resident of the county of suit. *Pinney v. Cook,* 558 S.W.2d 33 (Tex.Civ.App.—Corpus Christi 1977, no writ); *First National Bank of Yorktown v. Pickett,* 555 S.W.2d 547 (Tex.Civ.App.—

Corpus Christi 1977, no writ). In the case at bar, it is undisputed that Jefferson Savings and Loan Association is a resident of Hidalgo County, the county of suit.

■ Second, plaintiff must plead and prove a cause of action against the resident defendant. *Houseman v. Mahin,* 390 S.W.2d 732 (Tex.Sup.1965); *Asch Advertising v. Sony Corporation of America,* 569 S.W.2d 619 (Tex.Civ.App.—Waco 1978, no writ). Reviewing the pleadings, we conclude that only one cause of action, a suit for declaratory judgment invalidating a lien upon their homestead, was filed against Jefferson Savings and Loan Association by the Molinas. There was neither pleading nor proof that Jefferson Savings and Loan Association is the *present* lien holder of the lien sought to be cancelled. Although the present action is declaratory in nature, it is essentially a suit to quiet title. See *Simon v. Henrichson,* 394 S.W.2d 249 (Tex.Civ. App.—Corpus Christi 1965, writ ref'd n. r. e.). A suit to quiet title requires the allegation of an adverse claim; *Katz v. Rodriguez,* 563 S.W.2d 627 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.) The Molinas have no right to declaratory relief against Jefferson Savings and Loan Association unless the latter is the lien holder at the time suit was filed and at the time of trial. There is no evidence that Jefferson Savings and Loan Association was the owner of the lien at the time of trial; the fact that it was as assignee of the lien at one time does not necessarily mean that it owned the lien at the time suit was filed or at the time of trial.

■ Third, plaintiff must allege a joint cause of action against the non-resident and resident defendants, or a cause of action against the non-resident defendant which is so intimately connected with his cause of action against the resident defendant that both defendants are properly joinable to prevent a multiplicity of suits. *Stockyards National Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300 (1936, opinion adopted); *Von Scheele v. Kugler-Morris General Contractors, Inc.,* 532 S.W.2d 375 (Tex.Civ.App.—Dallas 1976, writ dism'd w.o.j.). In the case

at bar, the Molinas' petition does not allege any joint cause of action against Frost and Ramon and Jefferson Savings and Loan Association. Rather, it alleges two separate and distinct causes of action, 1) consumer fraud against Frost, Ramon, Bennett and Ohmstead, doing business as U. S. Builders, and 2) invalidation of a lien against Jefferson Savings and Loan Association. The causes of action, although arising out of basically one continuous transaction, are not so intimately connected as to justify the joinder of Frost and Ramon in a suit against Jefferson Savings and Loan Association to prevent a multiplicity of suits. As brought out at the plea of privilege hearing, Frost's sole connection with the entire transaction was the act of his execution, in a representative capacity for U. S. Builders, of the "Contract for Labor and Material and Trust Deed" and the assignment thereof to Jefferson Savings and Loan Association. Ramon's sole connection with the transaction was the fact that he was a carpenter on the job.

Even assuming that a cause of action against Jefferson Savings and Loan Association, the resident defendant, was pled and proved, the third requirement of Subdivision 4 was not satisfied. We sustain both points of error.

The Molinas' arguments concerning Subdivision 14 of Article 1995 apply, if at all, only to venue over Jefferson Savings and Loan Association. Thus, we deem such arguments immaterial to the question of venue over Frost or Ramon.

A point not presented by Frost and Ramon, but raised voluntarily by the Molinas in their brief, is whether venue over Frost and Ramon in Hidalgo County is proper under the Deceptive Trade Practices Act [hereinafter referred to as DTPA] or the Home Solicitations Transaction Act [hereinafter referred to as HSTA]. Since it appears from the record that the trial court found that Frost "regularly does business in Hidalgo County," and that the trial court's order overruling Frost's and Ramon's pleas of privilege was alternatively based upon venue under either the DTPA or HSTA, we deem it necessary to address this question.

The Molinas' specific consumer fraud allegations which appear in their petition concerned violations of Sections 13.02(b) and 13.03(a)(3) of the HSTA. Section 13.02(b) provides that the merchant must furnish the consumer with a fully completed receipt or copy of any contract which is in the same language as that principally used in the oral sales presentation. The contract must also inform the consumer, in bold type, of his right to cancel the agreement within 3 days. Section 13.03(a)(3) provides that it is a deceptive trade practice for any merchant to fail to inform each consumer orally, at the time he signs the contract or purchases the goods or services, of the consumer's right to cancel.

Notably, the HSTA lacks its own venue provision. Section 13.03(a) provides, however, that violations of that section are deceptive trade practices. Thus, any such violation would appear to be a *per se* violation of Section 17.46(a) of the DTPA. Maxwell, Public and Private Rights and Remedies Under the Deceptive Trade Practices—Consumer Protection Act, 8 St. Mary's L.J. 617, 620 n. 5 (1977). Presumably, therefore, a cause of action for violation of section 13.-03(a)(3) of the HSTA is controlled by the venue section of the DTPA. Section 17.56 of the DTPA provides that any

"action brought which alleges a claim to relief under Section 17.50 . . . may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business."[3]

A deceptive trade practice; e. g., a violation of section 13.03(a)(3) of the HSTA, is, of

3. Effective August 27, 1979, section 17.56 was amended to read:

"An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has a fixed and established place of business at the time the suit is brought or in the county in which the alleged act or practice occurred or in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar. This amendment does not affect the case at bar.

course, a cause for action under section 17.50 of the DTPA.

Under section 17.56 of the DTPA, as then written, there is no requirement of any proof of a cause of action under the DTPA. The plaintiff merely must allege a cause of action. However, plaintiff must prove that defendant either resides in the county of suit, has his principal place of business in the county of suit or has done business there. *Moore v. White*, 587 S.W.2d 549 (Tex.Civ.App.—Dallas 1979, no writ). In the case at bar the Molinas alleged a cause of action under the DTPA (i. e., violations of the HSTA) against both Frost and Ramon. Therefore, that prong of the venue provision under section 17.56 is satisfied. The remaining issue is whether the second prong of section 17.56 has been satisfied by proof that Frost and Ramon either reside in, have their principal place of business in, or have done business in Hidalgo County.

It is undisputed that neither Frost nor Ramon reside in Hidalgo County. There is no evidence relating to the location of Ramon's principal place of business. It is undisputed that Frost's principal place of business, Gulf Coast Remodeling Co., a corporation, is located in Cameron County. In order to determine whether venue can be established in Hidalgo County within the purview of section 17.56 as against Frost depends upon whether Frost, individually, or doing business as U.S. Builders, has ever done any home improvement acts in Hidalgo County for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object, or has ever done a single act with the intention of initiating a series of such acts. *Moore v. White, supra.* We answer this question in the negative.

The evidence reveals that the representations made to the Molinas, which they contend constituted fraud, were made by one "Gordy" and one "Lou." The evidence further shows that Gordy and Lou were not Frost and Ramon. There is no evidence that Frost or Ramon ever made any representations to the Molinas prior to the execution of the contract.

The evidence shows conclusively that Bennett is the sole owner of U.S. Builders. The only evidence connecting Frost with U.S. Builders is his signature as an agent for U.S. Builders. It is conclusively established that Frost works for Gulf Coast Remodeling Co., a corporation whose main place of business is in Cameron County, which has done home improvement business in Hidalgo County. The work done by that corporation, Frost's employer, is not work done by Frost individually. The only evidence connecting Ramon with Hidalgo County is his association with the same corporation, Gulf Coast Remodeling Co., and the fact that he was a carpenter on the job in question.

There is "no evidence" that either Frost or Ramon has ever "done business" as an individual or as "U.S. Builders" in Hidalgo County. Plaintiff's contention that venue is properly maintainable in Hidalgo County against Frost and Ramon under the DTPA has no merit.

The judgment of the trial court is REVERSED and the cause is REMANDED to the trial court with instructions to transfer this case concerning those defendants to Cameron County, Texas.