**LEE TOWING CO., INC., Appellant,**

v.

**INDUSTRIAL CASTING COMPANY, INC., Appellee.**

No. 8387.

Court of Civil Appeals of Texas, Beaumont.

Jan. 31, 1980.

Rehearing Denied Feb. 28, 1980.

Jon B. Burmeister, Port Arthur, for appellant.

Shawn Casey, Houston, for appellee.

KEITH, Justice.

Plaintiff below appeals from an order sustaining a plea of privilege and transferring the cause from Jefferson County to Harris County. Suit was brought under the Deceptive Trade Practices-Consumer Protection Act, *Tex.Bus. & Comm.Code Ann. § 17.41, et seq. (Supp.1979)* (hereinafter "DTPA"), to recover damages under such Act.

Suit was filed on March 9, 1979, and the order sustaining the plea of privilege was signed on June 22, 1979. At the time of the filing of the suit, *DTPA § 17.56* read as follows:

> "An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his princi-

pal place of business, *or has done business.*" [1]

■ It seems to be clearly established in Texas that the venue of an action is controlled by the law in effect at the time of the institution of the suit. *Dairyland County Mutual Ins. Co. v. Harrison,* 578 S.W.2d 186, 189 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ), and authorities therein cited.

■ Under the venue statute effective at the time our suit was filed, a plaintiff was required only to plead a cause of action under DTPA and prove that the defendant "has done" business in the county of suit. *Dairyland County Mutual Ins. Co. v. Harrison,* supra, 578 S.W.2d 190–191; *Pettit v. England,* 583 S.W.2d 875, 876 (Tex.Civ.App. —Dallas 1979, no writ); *United Plastics Company v. Dyes,* 588 S.W.2d 857 (Tex.Civ. App.—Tyler 1979, no writ).

■ In order to show the nature of his suit to be one under DTPA, plaintiff is not required to offer the petition in evidence— although it did so in this cause. The petition itself is the best evidence of the relief sought and the court will take judicial notice of its contents. *Moore v. White,* 587 S.W.2d 549, 550 (Tex.Civ.App.—Dallas 1979, no writ).

■ Plaintiff established by testimony from the president of the defendant corporation that it "has done" business in Jefferson County for several years before the filing of the suit. Such business was conducted not only by the defendant with plaintiff but with other business organizations in the county of suit. Plaintiff discharged its burden of establishing facts under which venue was maintainable in the county of suit under the venue statute in effect when the suit was filed. *Pettit v. England,* supra; *Dairyland County Mutual Ins. Co. v. Harrison,* supra.

We have given careful consideration to the argument advanced by the defendant.

The first contention is that the "basic contacts test" as used in suits arising from the application of the long-arm statute, *Tex. Rev.Civ.Stat.Ann. art. 2031b (1964),* should be made applicable to venue questions arising under the 1973 version of *DTPA § 17.-56.* As might be expected, counsel relies upon language found in Maxwell, "Public and Private Rights and Remedies Under the Deceptive Trade Practices-Consumer Protection Act", *8 St. Mary's L.J. 617, 647 (1977).*

■ We decline to follow the "minimum contacts test" as articulated in the law review article and, in so doing, align this court with the position taken in *Moore v. White,* supra 587 S.W.2d at 551. As said by Justice Akin in the cited case:

"We see no logical reason to complicate the venue provisions of section 17.56 by engrafting on to it the special definition of that term in article 2031b."

■ Secondly, defendant argues that under the rationale of *Compu-Center, Inc. v. Compubill, Inc.,* 580 S.W.2d 88 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ), the mere fact that the defendant has customers in the county of suit is insufficient to maintain venue. There, the court quoted from the Maxwell law review article noted earlier. However, this was dictum in the case since the order overruling the plea of privilege filed by the defendants in that case was based upon evidence that a tortious misrepresentation had been made in the county of suit. (580 S.W.2d at 91) We do not find *Compu-Center* to be either persuasive or controlling in the case at bar.

Under the undisputed record which we review, plaintiff made proof of the two venue facts required to maintain venue in the county of suit. It follows that the trial court erred in sustaining defendant's plea of privilege. It appears that the case has been fully developed and we now enter the judgment which should have been entered

---

1. The 66th Legislature made an extensive revision of the venue section which, inter alia, eliminated the "has done business" provision in the earlier section. This amendment, effective August 27, 1979, is now codified as *Tex.Bus. & Comm.Code Ann. & 17.56 (Supp.1980).* Thus our holding herein may not be applicable to a suit arising under the 1979 amendment.

·by the trial court: defendant's plea of privilege is overruled at its costs.

Reversed and Rendered.