**William M. CARTER, Jr., Appellant,**

v.

**SUNILAND FURNITURE COMPANY, Appellee.**

**No. 8392.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 14, 1980.

Jon Burmeister, Port Arthur, for appellant.

S. Mitchell Glassman, Houston, for appellee.

DIES, Chief Justice.

In November 1978, plaintiff below, William M. Carter, Jr., and appellant here, filed suit against Suniland Furniture Company, defendant below, and appellee here, predicated upon a violation of the Texas Deceptive Trade Practices-Consumer Protection Act, *Tex.Bus. & Com.Code Ann. § 17.50* (Vernon Supp.1980). The suit was filed in Jefferson County; appellee filed its plea of privilege to change venue to Harris County, which was sustained by the trial court, and plaintiff brings this appeal.

Appellant's suit stems from the purchase at appellee's store in Houston of a clock, which appellant alleged was defective.

Appellee has stores only in Houston and Fort Worth. It does no advertising in Jefferson County, seeks no customers there, but delivers within 125 miles of its business. And, the clock in question was delivered to appellant's home in Jefferson County.

At the time of the filing of appellant's suit, *Tex.Bus. & Com.Code Ann. § 17.56* read as follows: "An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, *or has done business.*" (Emphasis supplied.) (This venue section was amended effective August 27, 1979, *Section 17.56* (Vernon Supp.1980), and

"has done business" was eliminated by the legislature.)

Appellant's sole point contends appellee by delivering the clock to Jefferson County has done business therein, and the "minimum contacts" test as established in *Tex. Rev.Civ.Stat.Ann. art. 2031b* (Vernon 1964) was satisfied.

There is a paucity of legal discussion as to the meaning of "has done business" as used above. In *Compu-Center, Inc. v. Compubill, Inc.,* 580 S.W.2d 88 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ), plaintiff, Compubill, Inc., sued defendants in Fort Bend County, "alleging that by virtue of an agreement negotiated by the parties in the county of suit, defendants were to furnish a computer system and to license plaintiff in its use in . . . Fort Bend . . . Count[y]."

Actually, the contract was executed in Harris County. Defendants admitted to having clients in Fort Bend County, but it was undisputed all such clients were solicited elsewhere. In upholding the trial court's refusal to move the case from Fort Bend, the court said: "There was, however, evidence from which the trial court could have concluded that the defendants were jointly responsible to the plaintiff for the tortious misrepresentations allegedly committed in Fort Bend County . . . ." (580 S.W.2d 91).

We have no such situation here. The only contact appellee had in Jefferson County was the delivery of the clock from Houston. We hold this is not equivalent to "has done business." *(Tex.Bus. & Com. Code Ann. § 17.56* (Vernon Supp.1980).

In *Moore v. White,* 587 S.W.2d 549 (Tex. Civ.App.—Dallas 1979, no writ), plaintiffs contended they had established that defendant had done business in Dallas County (under *Tex.Bus. & Com.Code Ann. § 17.56*) merely by evidence that defendant sold one house in Dallas County. The court said:

"We disagree and hold that evidence that defendant engaged in a single transaction in Dallas County, without more, is 'no evidence' that defendant 'has done business' in Dallas County." (587 S.W.2d 550).

As far as appellant's urging us to apply the long-arm statute, *Tex.Rev.Civ.Stat.Ann. art. 2031b* (Vernon 1964), to the venue questions arising under *Tex.Bus. & Com.Code Ann. § 17.56* (Vernon Supp.1980), we have previously rejected this in *Lee Towing Co., Inc. v. Industrial Casting Co., Inc.,* [Tex.Civ. App.—Beaumont, 1980], 596 S.W.2d 580. We refer to this opinion for our reasons and cited authority.

The order of the trial court sustaining the plea of privilege is AFFIRMED.