**COMMERCIAL EQUIPMENT LEASING COMPANY, Appellant,**

v.

**STEVE'S OIL FIELD SERVICES, INC., Appellee.**

**No. 1658.**

Court of Civil Appeals of Texas, Corpus Christi.

May 22, 1980.

, Chilton Maverick, Richard W. Harris, Dumas, Huguenin, Boothman & Morrow, San Antonio, for appellant.

Charles L. Williams, Glusing, Sharpe, Villareal & Williams, Kingsville, for appellee.

## OPINION

YOUNG, Justice.

This appeal arises from an order overruling a plea of privilege. Appellee, Steve's Oil Field Services, Inc., brought suit in its county of residence alleging a violation of the usury statutes, Tex.Rev.Civ.Stat.Ann. art. 5069–1.01 et seq. (1971), and the Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Comm.Code Ann. § 17.41 et seq. (Supp.1980), hereinafter referred to as the Act. The alleged violations occurred as a result of a transaction with appellant, Commercial Equipment Leasing Company, involving the acquisition of an airplane. The trial court held that the appellee was entitled to bring suit in the county of its residence. We affirm.

A review of the pertinent facts reflects the following. Appellee, a corporation whose principal place of business is in Kleberg County, desired to trade its airplane for a larger one owned by a Mr. Stanton of Georgetown, Texas. Appellee was unable to provide the full purchase price. According to the appellant, after being contacted by the appellee, the appellant, a leasing corporation in San Antonio, Bexar County, Texas, agreed to purchase the plane from the third party and lease it to the appellee. It is unclear exactly what happened to the equity in the smaller plane owned by appellee, but the record indicates that part of that sum went toward the purchase price of the larger plane.

The parties entered into what appears to be a lease agreement with an installment purchase option for the plane. The lease agreement, the coupon payment book, and the UCC–1 financing form all indicate that the agreement might evolve into an installment sales contract. The documents were executed in Kleberg County.

Appellee brought suit in the trial court alleging that the agreement between the parties was in fact a contract of sale and that usurious interest was being charged on that sale. In a second cause of action the appellee asserted that deceptive trade practices were used by the appellant during negotiations which formed a sales contract. Appellant filed a plea of privilege to be sued in the county of its principal place of business, Bexar County. Appellee filed its controverting affidavit asserting venue in Kleberg County under the usury statute found in Art. 5069–1.06(3), under § 17.56 of

the Act, and under subdivisions 23 and 30 of Art. 1995. The trial court, without filing findings of fact or conclusions of law, overruled the plea of privilege.

In our review of the order overruling the plea of privilege, we must affirm the judgment of the trial court on any legal theory that finds support in the evidence and it must be presumed that every issue of fact was resolved in favor of the appellee by the trial court. *Rouse v. Shell Oil Co.*, 577 S.W.2d 787 (Tex.Civ.App.—Corpus Christi 1979, writ dism'd).

Subdivision 30 of Art. 1995 provides that whenever any law expressly prescribes venue in a particular county, then the suit shall be commenced in that county. Since both the usury and deceptive trade statutes contain specific venue provisions, we will examine them first.

About appellee's cause of action alleging a violation of the usury statutes, the venue provisions controlling the filing of a cause of action under these statutes is set out in Article 5069–1.06(3) as follows:

"(3) All such actions brought under this Article shall be brought in any court of this State having jurisdiction thereof within four years from the date when the usurious charge was received or collected in the county of the defendant's residence, or in the county where the interest in excess of the amount authorized by this Subtitle has been received or collected, or where such transaction had been entered into or where the parties who paid the interest in excess of the amount authorized by this Subtitle resided when such transaction occurred, or where he resides."

This subsection sets out five potential counties where one may file suit: 1) county of defendant's residence; 2) county where the excess interest has been received or collected; 3) county where the transaction that created the excess interest was entered into; 4) county where the parties who paid the excess interest resided at the time the transaction occurred; and 5) county where the person who paid the excess interest resides.

Venue may lie in any one of these counties if a cause of action for usury is alleged. No more is required than to allege that usurious interest was charged and to offer proof that one of the five venue provisions of Art. 5069–1.06(3) is met. The statutes do not require that a meritorious cause of action on the usury violation be proven.

Such an interpretation of the requirements for fixing venue is followed by other Courts of Civil Appeals of this State. Other courts have held as we do that the statute requires only an allegation that usurious interest was charged and proof that venue lies in the chosen county under one of the five provisions of Art. 5069–1.06(3). *Allied Finance Company v. Miro*, 568 S.W.2d 910 (Tex.Civ.App.—Waco 1978, no writ); *Donald v. Agricultural Livestock Finance Corporation*, 495 S.W.2d 592 (Tex.Civ.App. —Fort Worth 1973, no writ).

There is evidence in the record to support the allegation of a violation of the usury statutes. Even though the contract resembles a lease, there are purchase options included in that document. The UCC–1 form filed on the plane suggests that the transaction might be construed as an installment purchase. The coupon book which the appellant sent to the appellee sets out both a loan amount and interest charged. Appellant had made payments as therein provided. Additionally, there is evidence that the appellee applied $20,000.00 toward the price of the airplane. This evidence supports the allegation that a sales contract was executed between the parties involving a violation of the usury statutes for the purposes of establishing venue under Art. 5069–1.06(3). The proof that appellee resided in Kleberg County at the time of suit and at the time the usurious transaction occurred completed the requirements for holding venue in Kleberg County.

About appellee's second cause of action alleging a violation of the Act, appellee alleged in particular [under §§ 17.46(b)(5) and (12)] that the appellant committed "false, misleading, or deceptive acts or practices" while in the conduct of trade or commerce by:

"(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

\* \* \* \* \* \*

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;"

\* \* \* \* \* \*

We first note that the venue provisions of the Act (§ 17.56) that was in effect at the time of the institution of this suit was that which was amended in 1977. The further amended provisions (amended in 1979) which is the law today became effective August 27, 1979, four days after this suit was filed on August 23, 1979. The venue provisions were changed in each amendment. See *Dairyland County Mut. Ins. Co. v. Harrison,* 578 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Hanssard v. Ledbetter,* 561 S.W.2d 34 (Tex.Civ.App.—Waco 1978, no writ).

■ There is no dispute that the provisions of the Act apply to this case, for the definition of consumer found in the statutes [§ 17.45(4)] includes a corporation ". . . who seeks or acquires by purchase or lease, any goods or services." Therefore, for the purpose of fixing venue under this Act, it makes no difference whether the transaction between the parties was a purchase or a lease.

■ The venue provision is set out in § 17.56, as amended in 1977, stated:

"§ 17.56. Venue

An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business."

A cause of action need not be proven under this statute to fix venue. The allegation of a claim to relief is sufficient. *United Plastics Co. v. Dyes,* 588 S.W.2d 857 (Tex.Civ.App.—Tyler 1979, no writ); *Moore v. White,* 587 S.W.2d 549 (Tex.Civ.App.—Dallas 1979, no writ); *Pettit v. England,* 583 S.W.2d 875 (Tex.Civ.App.—Dallas 1979, no writ); *Compu-Center, Inc. v. Compubill, Inc.,* 580 S.W.2d 88 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). If appellee is to prevail, however, he must not only allege a claim to relief under the Act but must also prove that the defendant has done business in the county in which the suit was brought. See *Frost, et al. v. Molina, et ux.,* 595 S.W.2d 184 (Tex.Civ.App.—Corpus Christi 1980, writ filed).

In our recent case, handed down May 15, 1980, of Davis, d/b/a *Davis Charter Service v. Aquila, Inc.,* bearing our cause number 1668, 600 S.W.2d 367 (Tex.Civ.App.—Corpus Christi 1980, no writ) we said:

". . . that plaintiff, in order to prove that defendant had done business in the county of suit for purposes of Section 17.56 of the DTPA, had to show that defendant had performed either a series of acts in the county of suit for the purpose of realizing pecuniary benefit, or a single act with the intention of initiating a series of such acts."

■ Remembering that we must interpret all evidence in a light most favorable to the judgment of the trial court, we hold that the appellant has done business in Kleberg County. The record reflects that the parties have contracted previously for a lease of a computer. It is also in evidence that one of the officers of the appellant visited with the appellee in Kleberg County and expressed his desire to expand the business relationship between the parties. Finally, the facts surrounding this particular transaction indicate that the agreement was executed and delivery of the plane occurred in Kleberg County. We hold therefore that appellant has done business in Kleberg County for the purpose of fixing venue under § 17.56.

Because the trial court's judgment can be affirmed based upon either of appellee's

causes of action, it is unnecessary for us to discuss Subdivision 23 of Art. 1995.

The judgment of the trial court is affirmed.