**JIM WALTER HOMES, INC., Appellant,**

v.

**Iris ALTRECHE et al., Appellee.**

**No. 1724.**

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 11, 1980.

Rehearing Denied Oct. 2, 1980.

Scott J. Atlas, Vinson & Elkins, Houston, for appellant.

Hector Gonzalez, Hector Gonzalez Law Office, Sinton, Hubert Stone, Jr., Corpus Christi, for appellees.

OPINION

NYE, Chief Justice.

This is a plea of privilege in which ten separate law suits have been consolidated for the purposes of this appeal. Plaintiffs alleged in each case that defendant Jim Walter Homes, Inc. violated both the Texas Consumer Credit Code, Tex.Rev.Civ.Stat. Ann. art. 5069–2.01 *et seq.* (Vernon 1971) and the Texas Deceptive Trade Practices–Consumer Protection Act (hereinafter DTPA), Tex.Bus. & Com.Code Ann. § 17.41 *et seq.* (Vernon Supp.1980). The violations in each case concerned the misrepresentation of the quality of workmanship and materials provided.

The defendant filed pleas of privilege to be sued in Harris County, the county of its residence. After amended controverting affidavits had been filed and motions for partial summary judgment, the trial court denied the various pleas of privilege.

The DTPA, Tex.Bus. & Com.Code Ann. § 17.41 *et seq.* has been amended in every legislative session since its enactment in 1973. It is important, therefore, to determine which version was in effect when this lawsuit was filed. The venue provision of

DTPA, Tex.Bus. & Com.Code Ann. § 17.56 (Vernon 1980) has been changed from the original version in 1977 and in 1979.[1] In December 1978, the venue provision read as follows:

"Section 17.56 Venue

An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or *has done business.*" (emphasis supplied)

■ To establish venue under the DTPA, the plaintiffs only need to prove a single transaction which is the basis of the lawsuit. *Legal Security Life Insurance Co. v. Trevino,* 605 S.W.2d 857, (per curiam 1980) [disapproving of *Moore v. White,* 587 S.W.2d 549 (Tex.Civ.App.–Dallas 1979, no writ)]. *Sam Kane Beef Processors, Inc. v. Manning,* 601 S.W.2d 93 (Tex.Civ.App.–Corpus Christi 1980, no writ); *Commercial Equipment Leasing Co. v. Steve's Oil Field Services, Inc.,* 601 S.W.2d 462 (Tex.Civ.App.–Corpus Christi 1980, no writ). In this respect, the plaintiffs called as their only witness the court coordinator who testified as to the contents of the 1979 Corpus Christi telephone directory. The witness testified that she located a Jim Walter Homes' advertisement with a telephone number listed. She stated that she rang this telephone number and that the party answering the phone stated, "Jim Walter Homes." The plaintiffs then introduced into evidence the original petition alleging a cause of action under the DTPA. No further evidence was offered by plaintiff in the venue hearing.

It is clear to us that the plaintiffs were attempting to establish that the defendant had "done business" in Nueces County by placing the advertisement in the telephone directory. Introduction of such a telephone directory advertisement has been held to be sufficient proof that a company has solicited business in a particular county. *Dairyland County Mutual Ins. Co. v. Harrison,* 578 S.W.2d 186, 191 (Tex.Civ.App.–Houston [14th Dist.] 1979, no writ).

■ The defendant contends that the introduction of the telephone directory in this case which was printed in 1979, and bearing a date subsequent to the filing of the lawsuit, is no evidence that the defendants have "done business" in Nueces County at or prior to the time of the venue hearing. We agree. The statute is clear. By using the past tense "has done business" instead of the present tense "is doing business" the proof that is offered must follow the statutory requirement concerning venue.[2] In *Dairyland County Mutual Ins. Co. v. Harri-*

---

1. The original version of § 17.56 provided:
   "Section 17.56 Venue
   An action brought under Section 17.50 or 17.51 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or *is doing business.*" (Emphasis added)
   The 1977 amendments inserted "which alleges a claim to relief", deleted "or 17.51", *and substituted "has done" for "is doing".*
   Again in 1979, § 17.56 was amended to read presently as follows:
   "Section 17.56 Venue
   An action brought which alleges a claim for relief under Section 17.50 of this subchapter may be commended in the county in which the person against whom the suit is brought resides, has his principal place of business, or has a fixed and established place of business at the time the suit is brought or in the county in which the alleged act or practice occurred or in a county in which the defendant or an authorized agent of the de- fendant solicited the transaction made the subject of the action at bar."

2. It seems that the trial judge was misled as to the wording of the statute by counsel for the plaintiffs. In the venue hearing, counsel stated:
   "ATTORNEY FOR PLAINTIFF: Your Honor, 1760, of the venue provision under the Deceptive Trade Practices Act merely stated a plaintiff can bring a cause in a county when the defendant has done or is doing business.
   THE COURT: Has done or is doing business, could be then without relationship to the time of the cause of action arose.
   \* \* \* \* \* \*
   ATTORNEY FOR DEFENDANT: In other words, your position is whether they were doing business at the time the suit was filed is irrelevant so long as they are doing business now?
   ATTORNEY FOR PLAINTIFF: Yes."

*son, supra,* appellee properly introduced a June, 1977, telephone directory advertisement when the lawsuit was filed in July, 1977. There the evidence was sufficient to establish appellant "has done business" pursuant to DTPA, Tex.Bus. & Com.Code Ann. § 17.56 (Vernon Supp.1980).

We hold that the plaintiffs did not properly comply with the requirements of the venue provision of the DTPA, Tex.Bus. & Com.Code Ann. § 17.56 (Vernon Supp.1980), by proof that appellant "has done business" in Nueces County.

We have considered all of the other contentions of the parties and find that they are without merit. The judgment of the trial court overruling defendant's pleas of privilege is therefore reversed and judgment is here rendered transferring this and all of the consolidated herein cases to Harris County, Texas.

REVERSED and RENDERED.