H. M. GABLE and Bill Gable d/b/a B&H Feeders, Appellant,

v.

A. J. WOOD Jr., A. Jerry Wood III, Renda Horne d/b/a Ogletree Cattle Company and Larry Rariden and Aubrey Rariden, Individually and d/b/a Rariden Cattle Company, Appellee.

No. 18546.

Court of Appeals of Texas, Fort Worth.

Oct. 1, 1981.

Rehearing Denied Oct. 29, 1981.

Banner, McIntosh & Dobbs, Wichita Falls, La Font, Tunnell, Formby, La Font & Hamilton and Larry W. McEachern, Plainview, for appellant.

Gibson, Ochsner & Adkins and Marvin W. Jones, Amarillo, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

OPINION

SPURLOCK, Justice.

This is an appeal from an order overruling appellants' plea of privilege. Suit was brought in Wichita County by appellees, A. J. Wood Jr., et al., alleging inter alia, a violation of the deceptive trade practices act in connection with the care and feeding of appellees' cattle while in appellants' feedlot facilities located in Bailey County. Appellants filed a plea of privilege to be sued in Bailey County, the county of their residence. Appellees duly filed their controverting plea alleging as their only venue exception the special venue provision of the Deceptive Trade Practices Act-Consumer Protection Act (hereinafter referred to as the Act), Tex. Bus. & Comm. Code Ann. Sec. 17.56 (1980) pursuant to the special venue provision of Tex. Rev. Civ. Stat. Ann. art. 1995, subd. 30 (1964). Following a hearing on appellants' plea of privilege, the trial court overruled the plea.

We affirm.

Appellants, H. M. Gable and Bill Gable, father and son respectively (hereinafter referred to as defendants) are partners in B&H Feeders, a feedlot facility for custom feeding cattle for market located in Bailey

County, Texas. As such, they are in the business of selling feedstuffs and medicines and providing custom feeding services and facilities to and for cattle belonging to other persons. Bill Gable, as general manager, runs the feedlot operation.

A. J. Wood Jr., A. Jerry Wood III, Renda Horne d/b/a Ogletree Cattle Company, and Larry Rariden and Aubrey Rariden d/b/a Rariden Cattle Company (hereinafter referred to as plaintiffs) are all in the business of buying and selling cattle. A. J. Wood Jr. acts in behalf of the other plaintiffs, buying and selling cattle for them as well as for himself.

In the fall of 1978, Bill Gable and A. J. Wood Jr. met at the Trade Winds Motel in Wichita Falls, Wichita County, Texas. This meeting and subsequent events form the basis upon which venue is established in Wichita County under Sec. 17.56 of the Deceptive Practices Act.

Wood testified that during that meeting in Wichita Falls, Gable represented to him that B&H Feeders was a family operation which could provide better quality cattle feeding services and better medical care for cattle than competitor feedlots; that Gable told him about the cost of gain and conversion ratios which had been attained by B&H Feeders and indicated a cost of gain which was two or three cents less than being experienced by Wood at the time; and that Gable represented that he could sort cattle for Wood in such a way as to make more money for them. Wood further testified that Gable asked him during the meeting to feed cattle at B&H Feeders.

During the course of the conversation, Gable repeatedly requested plaintiffs' business. The conversation lasted four hours at the motel and another forty-five minutes thereafter. A week or two later Gable called Wood in Wichita County and again asked for his business. Gable made several calls to Wood at Wichita Falls in the weeks that followed, which was followed by Wood sending cattle to Gable in April of 1979 when defendants began feeding the cattle.

Gable testified that the Wichita County meeting was only a casual meeting and they spent their time simply discussing the business of feeding cattle.

Trial court filed findings of fact and conclusions of law, and in these findings the court found that the plaintiffs are consumers and false representations and warranties were made; that Gable was a general manager of the feedlot and had authority to contract with plaintiffs; that Gable met with Wood in Wichita County, Texas, and requested they place their cattle in their feedlot; that representations were made as reflected by Wood's testimony summarized above; that the plaintiffs relied upon the representations made by defendants and contracted to purchase from defendants feedstuffs, rations, and medicine to be fed and administered to cattle belonging to plaintiffs and to pay for the care and sale of the cattle. The trial court concluded that plaintiffs are consumers within the meaning of the Act, Sec. 17.45, and this suit was brought under the Act, Sec. 17.50, and venue was proper in Wichita County, Texas, under the Act, Sec. 17.56. None of these findings of fact were challenged by the defendants. Any unchallenged findings of fact which will support the judgment will preclude a reversal of the case. *Kroger v. Warren*, 420 S.W.2d 218, 221 (Tex.Civ.App. —Houston [1st Dist.] 1967, no writ).

Defendants assigned two points of error:

"The trial court erred in overruling the plea of privilege of appellants because appellees failed to prove the necessary venue facts under the venue provision, Sec. 17.56, of the Act.

"The trial court erred in overruling the plea of privilege of appellants because it erroneously concluded that venue of appellees' cause of action could be maintained in Wichita County pursuant to Sec. 17.56 of the Act and art. 1995, subd. 30, V.A.T.S."

The plaintiffs' original petition alleges a cause of action commencing on or before April 26, 1979; therefore, the 1977 amendments of the Act control this case. See *Woods v. Littleton*, 554 S.W.2d 662, 666 (Tex.1977); *Ferrara v. Corinth Joint Ven-*

*ture,* 611 S.W.2d 669 (Tex.Civ.App.—Eastland 1980, no writ).

Section 17.56 of the 1977 amendments of the Act provided:

"An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or *has done business.*" (Emphasis added).

The Deceptive Trade Practices Act does not set forth any standard for the determination of those acts which prove that a party has "done business" within the meaning of the statute. The original version of Sec. 17.56 provided in part that venue was proper in the county in which the person against whom suit was brought was "doing business." In the 1977 amendments, the legislature intended to facilitate suit against defendants who have "engaged in any kind of business transaction . . . in a particular county." *Legal Security Life Insurance Company v. Trevino,* 594 S.W.2d 481, 483 (Tex.Civ.App.—San Antonio 1979, writ ref'd n. r. e. at 605 S.W.2d 857). Comment, What Hath the Legislature Wrought? A Critique of the Deceptive Trade Practices Act as Amended in 1977, 29 Baylor L. Rev. 525, 540 (1977).

Considerable controversy has existed as to the character of the evidence necessary to satisfy the "has done business" requisite as used in the 1977 version of Sec. 17.56. Some Courts of Appeal held that a single or isolated transaction within the county of suit was insufficient to demonstrate that the defendants "had done business" in that county. *Moore v. White,* 587 S.W.2d 549 (Tex.Civ.App.—Dallas 1979, no writ); *Lee Towing Co. v. Industrial Casting Co.,* 596 S.W.2d 580 (Tex.Civ.App.—Beaumont 1980, no writ); *Carter v. Suniland Furniture Company,* 596 S.W.2d 596 (Tex.Civ.App.—Beaumont 1980, no writ); *Davis v. Aquila, Inc.,* 600 S.W.2d 367 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Frost v. Molina,* 595 S.W.2d 184 (Tex.Civ.App.—Corpus Christi 1980, writ dism'd). In contrast, at least two decisions held that a single transaction within the county of suit was sufficient to sustain venue under Sec. 17.56. *CompuCenter, Inc. v. Compubill, Inc.,* 580 S.W.2d 88 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Legal Sec. Life Ins. Co. v. Trevino,* 594 S.W.2d 481, supra. The Texas Supreme Court recently resolved the evident conflict in a per curiam decision with respect to *Legal Security Life Insurance Company v. Trevino,* 605 S.W.2d 857 (Tex. 1980) agreeing with the San Antonio Court of Civil Appeals that "in a suit under the Deceptive Trade Practices-Consumer Protection Act venue is proper pursuant to Sec. 17.56, as amended in 1977, in a county in which the defendant 'has done business' where the venue fact proved is the single transaction which is the basis of the suit." Id. at 857.

Thus, under the Supreme Court's analysis concerning Sec. 17.56, it is sufficient that a plaintiff prove that the defendant or defendants engaged in a single transaction within the county of suit in order to sustain venue in that county.

■ There is sufficient evidence to show that defendants did business in Wichita County. Defendants' first point of error is overruled.

■ Defendants assert by their second point of error that plaintiffs were not "consumers" within the meaning of Tex.Bus. & Comm.Code Ann. Sec. 17.45 (Supp. 1980–81) because plaintiffs' cattle, which were placed at defendants' feedlot, were purchased by plaintiffs for resale, not for their own consumption or use. Defendants' argument is fallacious in that the cattle are not the subject of the present transaction. The plaintiffs did not agree to purchase cattle, but to purchase feed, medicine, and feedlot services for their cattle. The fact that the cattle are kept by plaintiffs for resale is irrelevant in this case. Defendants are in the business of custom feeding cattle for the persons such as plaintiffs, and, in the course of that business, the feedstuffs, medicines, and other services are used or consumed by the cattle, and there is no evidence that plaintiffs resold the goods and services provided by defendants. More importantly, however, the most recent interpretation of the word "consumer" indicates

that one would not be precluded from maintaining an action under the Deceptive Trade Practices Act by the mere fact that he purchased the goods in question for resale. See *Otto, Inc. v. Cotton Salvage & Sales, Inc.*, 609 S.W.2d 590 (Tex.Civ.App.—Corpus Christi 1980, writ dism'd).

The Texas Supreme Court has recognized two requirements that must be established for a person to qualify as a consumer under the Act. First, the person must have sought or acquired goods or services by purchase or lease. Second, the goods or services purchased or leased must form the basis of the complaint. If either requirement is lacking, the person aggrieved by a deceptive act or practice must look to the common law or some other statutory provision for redress. *Cameron v. Terrell and Garrett, Inc.*, 618 S.W.2d 535 (Tex.1981).

The plaintiff/appellees satisfy both of these requirements in the case before us. They purchased from defendant/appellants feedstuffs, medicine, and custom cattle feeding services which forms the basis of plaintiff/appellees' cause of action. We agree with the trial court that the plaintiff/appellees are "consumers" within the meaning of Sec. 17.45. Defendant/appellants' second point is overruled.

We affirm.