COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN THE INTEREST OF E.S., | § | |
| | | No. 08-08-00001-CV |
| A CHILD. | § | |
| | | Appeal from the |
| | § | |
| | | 65th District Court |
| | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC#2007CM4718) |
| | § | |

**O P I N I O N**

S.S. appeals the trial court's dismissal of her petition to establish A.P.'s parentage. In her sole point of error, she contends that the trial court erred by granting A.P.'s special appearance. We affirm.

**BACKGROUND**

In her petition to establish A.P.'s parentage, S.S. asserted the trial court had exclusive jurisdiction of the suit based on prior proceedings. The petition, however, did not state what those prior proceedings were. In response, A.P. filed a special appearance, noting he was a nonresident of Texas. He claimed that any sexual relations occurred only once in Juarez, Mexico, and that he never asserted parentage of the child nor provided any prenatal expenses or support of the child. In response, S.S. filed an amended petition, contending that the court had jurisdiction based on allegations that A.P. previously resided in Texas and that he provided prenatal expenses and support for the child. The associate judge recommended that the case be dismissed for lack of jurisdiction.

At the hearing on whether the trial court should accept the associate judge's recommendation, S.S. testified that she first met A.P. in Juarez, Mexico, in 1983, at his dental practice, and that they

began an intimate relationship. S.S. asserted A.P. lived in El Paso on Skipper Street. The relationship continued until he moved to San Antonio.[1] When S.S. was pregnant with her daughter, she enrolled in a prenatal care program at Providence Hospital. According to S.S., A.P. gave her $50 in cash every week to pay the hospital and the doctor. The payments continued after E.S. was born but stopped when A.P. moved to San Antonio. E.S. was two years old when A.P. moved. S.S. had no proof that A.P. gave her the money, and S.S., after reviewing A.P.'s affidavit, claimed his assertions were lies. S.S. alleged A.P. was E.S.'s father.

The trial court noted that S.S.'s petition alleged that the court had jurisdiction based on prior proceedings, but when the court questioned S.S. about those proceedings, S.S. could not recall what they were. When the court asked whether she had been in court before, S.S. replied that this was her first time.

At the conclusion of the hearing, the trial court adopted the associate judge's recommendation and ordered the case dismissed for lack of jurisdiction.

## ANALYSIS

Relying on her testimony and affidavit, S.S. contends that the evidence is legally and factually insufficient to support the trial court's decision to dismiss the case for lack of personal jurisdiction. A.P. responds that the trial court, as the sole judge of witness credibility, could have properly found his affidavit credible and S.S.'s testimony and affidavit incredible; therefore, A.P. asserts that the evidence was sufficient to support the court's ruling.

### *Standard of Review*

Because the trial court's exercise of personal jurisdiction over a nonresident is one of law, we review the trial court's decision on a special appearance *de novo*. *Moki Mac River Expeditions*

---

[1] Sometime later, A.P. moved to Virginia where he was served with notice of the suit.

*v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). However, in deciding the jurisdictional question, the trial court must frequently resolve fact questions. *BMC Software*, 83 S.W.3d at 794; *Assurances Generales Banque Nationale v. Dhalla*, 282 S.W.3d 688, 694-95 (Tex. App.–Dallas 2009, no pet.). Therefore, when a trial court does not issue findings of fact and conclusions of law in support of its order granting or denying a special appearance, all facts supported by the evidence that are necessary to support the order and supported by the evidence are implied. *See Moki Mac*, 221 S.W.3d at 574; *BMC Software*, 83 S.W.3d at 795; *Dhalla*, 282 S.W.3d at 695. Where the clerk's and reporter's records are filed, however, those implied findings are not conclusive and may be challenged for legal and factual sufficiency on appeal. *BMC Software*, 83 S.W.3d at 795; *Sotelo v. Gonzales*, 170 S.W.3d 783, 787 (Tex. App.–El Paso 2005, no pet.).

When reviewing the legal sufficiency of the evidence, "we consider only the evidence and inferences tending to support the trial court's finding, disregarding all contrary evidence and inferences." *Sotelo*, 170 S.W.3d at 787, *citing Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex. 2001). The trial court's ruling must be upheld if any probative evidence supports the factual finding. *Hodson v. Keiser*, 81 S.W.3d 363, 367 (Tex. App.–El Paso 2002, no pet.). When reviewing the factual sufficiency of the evidence, we consider all the evidence including that which tends to prove the existence of a vital fact, as well as evidence which tends to disprove its existence. *Sotelo*, 170 S.W.3d at 787; *Lide v. Lide*, 116 S.W.3d 147, 151 (Tex. App.–El Paso 2003, no pet.). We will not reverse on factual sufficiency unless the trial court's finding was so against the great weight and preponderance of the evidence that it was manifestly wrong. *Sotelo*, 170 S.W.3d at 787; *Lide*, 116 S.W.3d at 151. It is for the fact finder to determine the credibility and weight to be given to the testimony and to resolve any conflicts in the evidence. *Sotelo*, 170 S.W.3d at 787; *Lide*, 116 S.W.3d

at 151; *In re De La Pena*, 999 S.W.2d 521, 529 (Tex. App.–El Paso 1999, no pet.).

## *Personal Jurisdiction*

Personal jurisdiction refers to a court's power to bind a particular person or entity. *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). Texas courts may assert personal jurisdiction over a nonresident if: (1) the Texas long-arm statute authorizes the exercise of jurisdiction; and (2) the exercise of jurisdiction is consistent with federal and state constitutional due process guarantees. *Moki Mac*, 221 S.W.3d at 574; *Am. Type Culture Collection, Inc., v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). In a proceeding to adjudicate parentage, a court may exercise personal jurisdiction over a nonresident if the conditions in Section 159.201, the applicable long-arm statute, are satisfied. TEX. FAM. CODE ANN. § 160.604(b) (Vernon 2008); *Dickerson v. Doyle*, 170 S.W.3d 713, 718, 721 (Tex. App.–El Paso 2005, no pet.). Section 159.201(a)(4) provides a two-part test for determining whether a court may exercise personal jurisdiction over a nonresident: (1) did the individual reside in Texas; and (2) did the individual provide prenatal expenses or support for the child. TEX. FAM. CODE ANN. § 159.201(a)(4) (Vernon 2008).

## *The Evidence was Sufficient*

After reviewing the record, we find there was legally and factually sufficient evidence to support the trial court's lack of personal jurisdiction over A.P. Although the parties agreed that A.P. was not a current resident of Texas, A.P. conceded, during oral argument before this Court, that he previously resided in Texas. Thus, the first part of Section 159.201(a)(4) is met.[2]

---

[2]  Although we have been unable to find any decisions interpreting Section 159.201(a)(4), we believe that the plain language of the statute simply requires a showing that the individual was a resident of Texas at some time. *See Fitzgerald v. Advanced Spine Fixation Systems, Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999) ("[I]t is cardinal law in Texas that a court construes a statute, 'first, by looking to the plain and common meaning of the statute's words.'"), *quoting Liberty Mut. Ins. Co. v. Garrison Contractors*, 966 S.W.2d 482, 484 (Tex. 1998). The statute states that a court may exercise personal jurisdiction over a nonresident if "the individual resided" in Texas. *See* TEX. FAM. CODE ANN. § 159.201(a)(4). The use of past tense, therefore, does not require the individual to be a current resident of Texas but rather suggests that the individual previously resided in Texas. *See, e.g., Mitchell*

However, for the court to have jurisdiction, the statute also required a showing that A.P. provided prenatal expenses or support for the child. *See* TEX. FAM. CODE ANN. § 159.201(a)(4); *see also In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69 (Tex. 2008) (the use of "and" in TEX. R. CIV. P. 329b(b) requires that both parts of rule be met before trial court may rule on an amended motion for new trial); *Edwards v. Tex. Dep't of Protective & Regulatory Servs.*, 946 S.W.2d 130, 137 (Tex. App.–El Paso 1997, no writ) (use of "and" in TEX. FAM. CODE ANN. § 161.001 indicates that both parts of the statute must be met before termination of parental rights), *disapproved on other grounds by In re J.F.C*, 96 S.W.3d 256, 267 n.37 (Tex. 2002). In his affidavit, A.P. stated that he never provided any "prenatal expenses or support of the child." The trial court was entitled to believe A.P.'s averment. *See* TEX. R. CIV. P. 120a(3) (trial court may consider the pleadings and affidavits in ruling on a special appearance). Disregarding all contrary evidence and inferences, we conclude the evidence was legally sufficient to show the trial court lacked personal jurisdiction over A.P. since he did not provide prenatal expenses or support for the child.

Turning to the factual sufficiency of the evidence, although S.S. testified that A.P. provided $50 every week for prenatal care and child support until E.S. was two years old, S.S. did not have any documentation to support her allegations. S.S. further stated that she reviewed A.P.'s affidavit and claimed he was a liar. This evidence presented the trial court with a credibility determination. The trial court, as the sole judge of the credibility and demeanor of the witnesses, could have chosen to disbelieve S.S.'s testimony, and to believe A.P.'s assertions in his affidavit. *See Sotelo*, 170 S.W.3d at 792; *De La Pena*, 999 S.W.2d at 533-34 (cases deferring to trial court's resolution of

---

*Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997) (use of past tense showed legislature's intention to only apply statute to retired judges at the time of assignment, not former judges); *Jim Walter Homes, Inc. v. Altreche*, 605 S.W.2d 733, 734-35 (Tex. Civ. App.–Corpus Christi 1980, writ dism'd) (because statutory phrase "has done business" was past tense, plaintiff was required to show that defendant did business prior to the filing of the lawsuit to prove venue, not that he was doing business after the filing of the suit).

conflicting evidence and witness credibility in sufficiency challenge).  Because A.P.'s affidavit was sufficient to prove he did not provide prenatal expenses or support of the child, we conclude the evidence was factually sufficient to support the trial court's ruling on personal jurisdiction.

S.S.'s sole issue is overruled, and the trial court's judgment, therefore, is affirmed.


GUADALUPE RIVERA, Justice

January 13, 2010

Before McClure, J., Rivera, J., and Salas-Mendoza, Judge
Salas-Mendoza, Judge, sitting by assignment